## Fire Association of Philadelphia v. Mary H. Smith.

1. INSURANCE—*By Parol Contracts.*—Agents may make parol contracts of insurance which will be binding upon their companies.

**Assumpsit,** on a parol contract of insurance. Appeal from the County Court of Jackson County; the Hon. W. W. BARR, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

SMITH, McELVAIN & HERBERT, attorneys for appellant.

WILLIAM A. SCHWARTZ, attorney for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This suit was brought upon a parol contract of insurance. The appellee was the owner of a dwelling house in Carbondale, occupied by herself and husband, and also owned a barn situated on an adjoining lot. She owned the fee of the lot. The property had been for a number of years insured with the agents of appellant at Carbondale. Separate policies were taken on the house and barn. By the terms of the last policies taken, the insurance on the house expired in May, 1894, and on the barn and contents August 4, 1894. The policy on the house was renewed June 11, 1894, the premium therefor being paid to the agent about July 1st. At this time the agent was requested to renew the policy on the barn when it expired on August 4th, which the evidence shows he agreed to do. This contract was made by the husband of appellee, as her agent, who attended to such matters. He told the insurance agent that he would be absent from home when the policy expired on the barn, and it was being filled with hay and to be sure to renew it. No premium was paid at the time, but the practice of the company was to give thirty days within which to make such payment to those who were good, and there is no question but that appellee was solvent and prompt in payment. This time had been given her on former occasions. The practice of the company was to make monthly settlements. The policy on the barn provided that it might " be continued under the original stipulations, in consideration of premium for the renewed term, provided that any increase of hazard must be made known to this association at the time of renewal, or this policy shall be void." The proof is there was no increase of hazard.

The barn burned on the 24th day of August and this suit was brought upon the parol contract mentioned. The defense interposed is, 1st, there was no contract of renewal;

2d, that the agent could not contract to renew, and thereby bind the company; that the agent, if any one, if such a contract was made, is the one who is liable. As stated, the evidence sustains the contract. The proof shows the agent had custody of the books of the company of all insurance made in Carbondale and wrote the insurance for the company. It also shows the premium was tendered before the expiration of the time when, by the practice of the company, it was due. As to the second point, the law is clear; agents may make parol contracts of insurance that will be binding upon the companies. Hartford Fire Ins. Co. v. Farrish, 73 Ill. 166; May on Ins., Sec. 14.

The terms of the policy covering the property provided expressly for its renewal, and thereby made definite the terms of the renewal contract made by parol. There being no error in the record the judgment is affirmed.