## HARTFORD FIRE INSURANCE COMPANY

*v.*

## FRANK FARRISH, for use, etc.

1. PRACTICE—*time to object to variance.* It is too late to raise the objection, for the first time, in the Supreme Court, that evidence offered in the court below was not properly admitted under the averments in the declaration.

2. INSURANCE—*parol contract of, binding.* Where there is a contract of insurance, fairly entered into, upon a good consideration, between parties competent to contract, it is binding, although there may be no written policy executed.

3. SAME—*agents exceeding authority.* The fact that an insurance agent has instructions from his principal to take only a limited amount of insurance in a specified place, can not affect the rights of a party insured, unless he had notice of such fact.

4. SAME—*loss in another building.* Where goods are insured in one building, and are destroyed while in another building, it seems there can be no recovery for the loss.

5. EVIDENCE—*custom of other insurance companies.* In an action against an insurance company, to recover for the loss of goods while in a warehouse, testimony in regard to the custom of other insurance companies, in writing policies on goods in the warehouse, is not admissible.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Messrs. WALKER, DEXTER & SMITH, for the appellant.

Messrs. HERVEY, ANTHONY & GALT, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the Superior Court of Cook county, against the Hartford Fire Insurance Company. A trial was had before a jury, which resulted in a verdict in favor of appellee, for $6312.25. The court overruled a motion made by appellant for a new trial, and rendered judgment upon the verdict.

The appellant brings the record here by appeal, and relies upon three grounds to secure a reversal of the judgment—

*First*—That no contract of insurance was effected.

*Second*—The verdict is contrary to the evidence.

*Third*—The court erred in the exclusion of evidence and in refusing certain instructions.

It appears, from the evidence, that appellee was a commission merchant at Chicago, and was accustomed to receive consignments of certain goods from Chas. Tennent & Co., of Glasgow, Scotland, in bond, for sale for the manufacturers.

On the 8th day of August, 1871, there arrived at Chicago 64 casks of soda ash and 157 casks of bleaching powder, consigned to appellee, in bond. The goods were taken possession of by the custom house authorities, and placed in the Burlington warehouse, to be held until such time as the goods should be sold and the government duties paid.

Appellee was notified by the custom house officer that the goods had arrived, and were held in bond in the Burlington warehouse. He at once called upon S. M. Moore & Co., agents of appellant, to obtain insurance upon the goods. A contract was made for insurance on the goods for two months from the 8th day of August, 1871—$3000 on the bleaching powder and $2500 on the soda ash—and the premium for the insurance paid.

It was not the custom of appellant to issue a formal written policy on this character of insurance. It furnished what was called an "open policy-book," in which, under printed headings, was entered, in writing, the number of policy, name of insured, date of insurance, time it expires, amount of insurance, amount of premium and a description of the goods insured.

When the contract was made by appellee, the usual entries were made in a book held by appellee, and also in a book kept by appellant's agents.

It is not claimed by appellant that its agents did not have authority to make the contract in the manner it was made, but it is said the evidence "is inadequate to maintain the declaration."

Whether the evidence was properly admitted under the averments of the declaration, is a question we are not called upon to decide.

No objection was interposed in the court below to the admission of the evidence, and the objection comes too late when made for the first time in this court. Had the objection been made in the Superior Court, appellee could have amended his declaration, and thus obviated the difficulty. Appellant's silence in that court must be regarded as a waiver of the objection.

We see no reason why the contract of insurance was not a valid one. The agents of appellant agreed to insure the property against loss from fire, for a certain time, for a specified sum of money. The proposition was accepted by appellee, and the premium or consideration for the insurance was paid. The parties were competent to contract, there was a good consideration, and a contract fairly entered into, based upon that consideration. We are aware of no other requisites which should be engrafted in a contract of this character to make it binding. We do not regard it indispensable, or even necessary, that a written policy should be issued in order to render the company liable. *Taylor* v. *Merchants' Fire Insurance Co.* 9 Howard, 390.

If an insurance company enter into a contract to insure property, for a good consideration, which it receives, we are aware of no reason why the contract should not be enforced, whether it be in writing or by parol.

Under the second head, it is insisted, conceding an insurance was effected, no recovery can be had by appellee, for the reason, as is said, the goods were insured in one building, warehouse B, and were destroyed while in another building, warehouse A.

If appellant was correct in its position on the question of fact, we are free to concede no recovery could be had; but the location of these goods when insured, was one of the questions of fact submitted to the jury, upon which the testimony of appellant and appellee did not agree.

It appears that the Burlington warehouse contains two apartments, separated by a brick wall; one is known as A and the other B. This, however, was unknown to appellee at the time

he procured the insurance. The goods were in that division of the warehouse known as A, which was destroyed by fire September 30, 1871. The other division of the warehouse was not burned.

The book of appellant, in which was entered a memoradum of the contract of insurance, describes the property and its location as follows: " 64 casks soda ash, Burlington warehouse B; 157 casks of bleaching powder, Burlington warehouse B."

It was claimed, on the trial, by appellant, that the letter B indicated the particular apartment of the warehouse in which the goods were located when insured. On the other hand, it was insisted by appellee that the letter indicated that the goods were in bond. Each party introduced evidence to support their respective theory. Appellee proved that he was told, at the time the contract was made by the agents of appellant, that the letter indicated that the goods were held in bond, and we are not prepared to say that the weight of evidence upon that question was against him. At any rate, the evidence upon that point was conflicting. It was a question of fact for the jury to determine, and, under such circumstances, we can not interfere with the finding.

It is, however, urged that the court erred in refusing to permit appellant to prove that its agents only had authority to take risks to a certain amount in each apartment of the warehouse, and when appellee applied for insurance, it had risks on goods in warehouse A to the full amount authorized.

Had this evidence been admitted, it could not have affected the contract made with appellee, unless he had notice of the instructions given by appellant to its agents, and it is not pretended that such was the case.

After a loss, the company should not be permitted to shield itself behind an unauthorized act of its agent, unless the insured was informed of, or knew the extent of, the authority conferred upon the agent. *Ætna Insurance Co.* v. *Maguire*, 51 Ill. 342.

The testimony offered in regard to the custom of other insurance companies, in writing policies on goods in the ware-

house, could have no legitimate bearing on the case, and the court did right in rejecting it.

The last point relied upon by appellant is, the court erred in refusing its instruction number five. The court, at the request of each party, instructed the jury in regard to the real question involved in the case. The instruction refused was upon a point of no moment, and, had it been given, it could not have affected the result of the verdict.

From an examination of the whole record, we are satisfied justice has been done, and we perceive no substantial error.

The judgment will be affirmed.

*Judgment affirmed.*