THE MILWAUKEE MECHANICS' INSURANCE COMPANY

*v.*

R. J. GRAHAM, for use, etc.

*Opinion filed October 13, 1899.*

1. INSURANCE—*in absence of payment of premium a promise to pay is essential if policy is not delivered.* A binding contract of insurance is not effected when there is neither a delivery of the policy, payment or tender of the premium, nor a promise to pay it.

2. APPEALS AND ERRORS—*when erroneous modification of instruction is not prejudicial.* The modification of an instruction so as to exclude the right of a party to make a valid parol contract of insurance by promising to pay the premium is not prejudicial, if no promise is shown and the property was covered by other insurance.

3. SAME—*errors not contributing to verdict are not ground for reversal.* A verdict right upon the facts found will not be disturbed for errors in giving and refusing instructions which could not have contributed to the verdict.

*Milwaukee Mechanics' Ins. Co.* v. *Graham,* 80 Ill. App. 549, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Pike county; the Hon. T. N. MEHAN, Judge, presiding.

E. A. PERRY, for appellant.

MATTHEWS & GRIGSBY, for appellee.

Per CURIAM:  After a careful consideration of this case we have come to the same conclusion and entertain the same views as are expressed in the opinion of the Appellate Court, delivered by Mr. Justice HARKER. That opinion will therefore be adopted as the opinion of this court also.  It is as follows:

"Appellee is the owner of a fruit evaporating plant at Pittsfield, Illinois.  On the 27th of October, 1897, C. K. Graham, his operating manager, procured from F. W. Niebur, agent of the Milwaukee Mechanics' Insurance Company, a fire insurance policy on the machinery and fruit on hand.  The policy was delivered but the premium was not paid, the agent declining to receive it until he should learn from the company whether it would carry the risk.  It was provided in the policy that the contract should become void if other insurance on the property should be procured without consent of the company, and that the policy might be canceled at any time by giving five days' notice.  On the 30th of October Niebur received notice from the company that it would not carry the risk, and directing him to cancel the policy.  He at once sent a note to C. K. Graham informing him that his company declined the risk and requesting him to procure other insurance.  Graham, at noon of the same day, called at the office of E. A. Burk, another insurance agent, showed the note to him, 'gave him the particulars,' and asked him if he could write the risk in some company represented by him.  Burk replied that he thought he could, whereupon Graham left the office, promising to call again.  Burk at once wrote a policy in the Hanover Insurance Company of New York on one of the blanks furnished him, with the signatures of the president and secretary, covering the property from October 30 to No-

vember 30, 1897, countersigned it himself and entered it in his register of policies. The policy was not delivered to Graham, the premium was not paid by him, nor did he promise to pay it. That night the property was destroyed by fire. This suit was commenced against appellant on the first named policy, and was defended upon the ground that Graham had waived his right to have the policy continue in force five days after notice of cancellation, and that the policy became void by reason of a contract of insurance effected with the agent of the Hanover Insurance Company. A trial by jury resulted in a verdict and judgment against the appellant for the full amount named in the policy.

"It is clear that the right of appellee to recover depends entirely upon whether he consummated a contract of insurance with the Hanover Insurance Company. By its own terms the policy sued on was to continue in force for five days after cancellation unless other insurance was effected. The risk was with appellant, within the five days, up to the instant it should be assumed by another company and agreed to by the insured.

"While it is not necessary, in order to hold an insurance company to liability for a loss, that the policy shall have been delivered or the premium paid, in a case where the policy has not been delivered nor the premium paid or tendered a promise to pay the premium is necessary. Without a promise to pay for the insurance the undertaking of the company would be *nudum pactum.* It is fundamental that unless the parties have come to an agreement as to the terms of their contract, so that nothing remains to be done but to execute what has been agreed upon, the contract is still incomplete and of no binding force upon either party. We can see no reason for departing from that familiar rule in the law of contracts in a case where the parties were negotiating over a contract of insurance. In the case at bar there was neither a delivery of the policy, a payment of the pre-

mium, a tender of the premium nor a promise to pay. The matter was in an incomplete condition at the time of the fire, and there was no such contract effected as could render the Hanover company liable.

"The trial court entertained the view that in order to render a contract of insurance valid and binding, a delivery of a policy, a payment of the premium or a tender of it is necessary, and so told the jury in modified instructions. That, of course, was erroneous. The right to make a parol contract of insurance is recognized by our courts, and the contract may be completed by the mere promise of the insured to pay the premium. But as there was not even a promise made to the agent of the Hanover company to pay the premium, and we are clearly of the opinion that the policy of appellant was in force at the time of the fire, no harm resulted from the modification of those instructions.

"The judgment is right, and no such error intervened as would justify a reversal."

The trial court submitted the following question of fact, which the jury answered in the negative, viz.: "Did E. A. Burk, as agent of the Hanover Insurance Company, subsequent to the issuing of the policy sued on and prior to the alleged loss, agree with the plaintiff, or some one for him, to issue a policy in the said Hanover company on the property covered by the policy sued on?" In view of this finding of fact the alleged errors in giving and refusing to give certain instructions could not have contributed to the verdict, which verdict was right upon the facts found, and should not be disturbed even if such errors were conceded.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*