## Continental Insurance Co. v. William J. Roller.

1. INSURANCE—*Parol Contracts of, May Be Made by Corporations.* —Corporations authorized by their charters to make insurance and issue policies are not precluded from entering into parol contracts to effect the same object. Whatever doubts may have heretofore existed as to the validity of parol contracts of insurance, it is now settled that such contracts are valid.

2. SAME—*When a Failure to Pay the Premium in Advance Does Not Invalidate the Contract.*—The observation and experience of business men are that where applications for insurance are made and officers or agents with authority to issue policies have promised to issue the same, then collections of the premium are not, in practice, always made a condition precedent. Such collections are often left to be made at the end of the month, and unless payment of the premium upon application is made a condition precedent to acceptance, a promise to issue the policy is a consummation of the contract, and the mere failure to pay the premium in advance, where an application and promise to issue the policy are made, will not defeat the right to recover on the contract of insurance in the absence of a demand for the payment of the premium, made as a condition precedent.

Assumpsit, on a contract of insurance. Appeal from the Circuit Court of Douglas County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

THOMAS BATES and ROY F. HALL, attorneys for appellant.

ECKHART & MOORE, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee having corn and oats stored in a leased elevator at Newman, Illinois, on July 9, 1900, applied to Todd, an insurance agent, for additional insurance of $1,200 upon such grain, and the latter made reply that he would put him in the Continental of New York. Nothing at this time was said concerning the time or rate of insurance and no premium was paid. Previous to this, however, and before Todd was agent of appellant, appellee had effected insurance with Todd in other companies, when, it appears, they had an understanding as to time and rates when

occasion might require further insurance contracts, and
also a custom was recognized of extending credit for the
premium, to be collected later. The grain was destroyed by
fire about 11 o'clock that night and the policy was issued and
delivered the next day, after the loss occurred. Proof of
loss was made, but appellant declined to pay the loss on the
ground that no valid contract or policy of insurance existed.
The declaration is both upon the preliminary oral contract
of insurance, and the policy of insurance issued by Todd
after the loss occurred. A trial by jury ended in a verdict
and judgment against appellant for $1,164, that being the
amount of the policy less $36, the premium deducted. To
reverse this judgment appellant brings this appeal to this
court and argues various alleged errors.

There is no real conflict of evidence that appellee applied
to Todd, who was then the agent of appellant, for $1,200
additional insurance upon the grain that was afterward
destroyed, and that Todd promised to put him in appellant
company. It is insisted, however, that duration of insur-
ance and rate of premium were not mentioned at the time,
and therefore, the terms of the contract being incomplete,
the minds of the parties never met, and that no prelimi-
nary contract having been effected, there was no authority
to issue the policy after the loss occurred. The court, how-
ever, admitted evidence of a previous conversation between
appellee and Todd, before the latter was appointed agent
of appellant, concerning the rate of insurance upon grain
owned by the plaintiff to be stored in the elevator, and the
time with reference to such rates. Appellant insists this
evidence was improper and that it was error to admit it,
but we are of opinion that it was competent, and from it
the inference is irresistible the parties had in mind this
understanding about time and rates, when the request for
insurance was made, and by it also the agent was given
discretion in selecting time and rates. It is unreasonable
to presume the contrary, and thereby defeat the very objects
the preliminary contract was designed to obtain. Had
no loss occurred there is no doubt from all the evidence, the

policy could have been issued upon the basis of the preliminary contract, and a suit successfully maintained against appellee for the premium, and if one party to a contract is liable, both must be equally bound to its terms to the extent they may be affected by it. "If no preliminary contract would be valid unless it specified minutely the terms to be contained in the policy to be issued, no such contract could ever be made, or would ever be of any use. The very reason of sustaining such contracts is, that the parties may have the benefit of them during that incipient period when the papers are being perfected and transmitted. It is sufficient if one party proposes to be insured, and the other party agrees to insure, and the subject, the period, the amount and the rate of insurance is ascertained or understood, and the premium paid if demanded. It will be presumed that they contemplate such form of policy, containing such conditions and limitations as are usual in such cases, or have been used before between the parties. This is the sense and reason of the thing and any contrary requirement should be expressly notified to the party to be affected by it." (Eames v. Home Ins. Co., 94 U. S. 621.) We are of the opinion the evidence fully proves the essential terms of the preliminary contract, and that it was mutually binding upon the parties, and that the policy was rightfully afterward issued, and delivered to appellee. We think the evidence was sufficient to sustain the averments of the declaration declaring on an oral contract, and if there was a valid oral contract, and that we have already said, then it was competent for the parties to put it in writing, as they did by issuing and accepting the written policy, in which, of course, the oral contract was merged. And here, it may be noted, appellant complains of the suit proceeding both upon an oral and written contract, suggesting it was entitled to know, previous to the trial, upon which the plaintiff relied; but the answer to this is that it is the practice that as many counts may be put in the declaration as the party, under advice of counsel, may consider prudent to meet the different phases of the evidence, and this privilege is likewise extended to the defense to use any number of pleas for a

like purpose. Although when all the counts and all the pleas are considered together inconsistencies may appear, yet when separately viewed, which is the proper way, no inconsistency is manifested. To end this point, however, it may be added, appellant was not prejudiced in any manner by the reliance of appellee both upon the oral and written contract. In Fireman's Ins. Co. v. Kuessner, 164 Ill. 275, it was said:

"A suit to enforce the liability of an insurance company may be brought on the contract for insurance as well as upon the policy. The real cause of action is the same in both contract and policy. The measure of damages recoverable is the same, and the policy must be based on the contract of insurance and can contain no element different therefrom. Where an application for insurance is presented to a company, stating what is wanted and the terms, and its officer or any agent having authority to issue a policy says one will be issued on that application, the minds of the parties have met in the execution of a contract and a contract for insurance has been consummated. It is an oral contract. Though proposed in writing, the acceptance by parol and a promise to issue a policy thereon constitute an oral contract. Corporations authorized by their charters to make insurance and issue policies are not precluded from entering into parol contracts to effect the same objects. Whatever doubts may have heretofore existed as to the validity of parol contracts of insurance, it is now settled such contracts are valid. Trustees v. Brooklyn Fire Ins. Co., 19 N. Y. 305; Commercial Marine Ins. Co. v. Union Ins. Co., 19 How. 321; Ellis v. Albany City Fire Ins. Co., 50 N. Y. 402; Fire Ass'n of Philadelphia v. Smith, 59 Ill. App. 655; Taylor v. Merchants' Fire Ins. Co., 9 How. 390; Hartford Ins. Co. v. Farrish, 73 Ill. 166."

Complaint is also made that the premium was not paid before the loss occurred, and, as we understand, the contention from this circumstance, in combination with others, fraud should be inferred as between the appellee and Todd. We believe there is no force or merit in this point. In Fireman's Ins. Co. v. Kuessner, *supra*, the court, in passing upon a similar point, said:

"The observation and experience of business men are that where applications for insurance are made, and officers or

agents, with authority to issue policies, have promised to issue the same, then collections of the premium are not, in practice, always made a condition precedent. Collections are often left to be made at the close of the month, and unless payment of the premium upon application is made a condition precedent to acceptance, a promise to issue the policy is a consummation of the contract; the mere failure to pay the premium in advance, where an application and a promise to issue the policy are made, will not defeat the right to recover on the contract of insurance, in the absence of a demand for the payment of the premium, made as a condition precedent. Any other rule would only furnish a cloak for fraud. There was here no demand for the payment of the premium before the acceptance of the risk. We therefore hold the contract was not rendered invalid by reason of the non-payment of the premium. Our observation of methods of business causes us to hold the non-payment of the premium, under the circumstances under which the application was made and accepted, did not defeat a recovery on the contract."

Complaint is made of the instructions in the case, both given and refused; without entering into a discussion of the questions thus raised, we recognize there are certain errors in those respects pointed out, but they are not such as should cause a reversal of the judgment. In truth, we believe the trial court might well have directed the verdict that was returned by the jury, as none other, in our view of the case, would have properly responded to the evidence of the case; and this being true, it would be absurd to say that any or all the errors ascribed by counsel to the instructions were prejudicial or harmful to appellant.

Upon this record the judgment should be affirmed and it is so ordered. Judgment affirmed.