## Charles P. Wilson, Appellee, v. Hartford Fire Insurance Company, Appellant.

1. Insurance, § 119*—*when liability on contract to renew policy question for jury.* In an action of assumpsit on a parol agreement to renew a policy of fire insurance to recover for a loss by fire which occurred after the expiration of the original policy, refusal of the court to direct a verdict for defendant at the close of all the evidence *held* proper, in view of the facts disclosed by the record.

2. Insurance, § 59*—*effect of limitations on powers of agent.* A person dealing with an insurance agent, having no notice of limitations on the powers of the agent, will be justified in believing that the power of the agent is coextensive with his undertaking.

3. Insurance, § 97*—*power of agent to make oral contract.* Agents of an insurance company have power to bind the company by a parol contract.

4. Insurance, § 704*—*when giving of instruction based on proof of allegations of declaration reversible error.* In an action for fire

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

insurance where the declaration was defective in not alleging the interest of plaintiff in property, and the policy provided that the loss was payable to a third party, if on buildings, otherwise to the insured as his interest may appear, the giving of instructions which directed a verdict for plaintiff if the jury believed from the evidence the allegations of the declaration, *held* reversible error, as allowing recovery even if the evidence had shown that plaintiff had no interest in the property.

5. Istructions, § 129*—*essentials when peremptory.* A peremptory instruction must include every element necessary to a recovery.

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. Kimbrough, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed May 15, 1914. Rehearing denied June 25, 1914.

O. M. Jones and Barger & Hicks, for appellant.

Frank Lindley, Fred B. Penwell and Walter C. Lindley, for appellee.

Per Curiam. This was an action of assumpsit to recover upon a parol agreement to renew a fire insurance policy at the time of its expiration. The declaration contains one count, in substance, alleging that appellant, on the tenth day of December, 1909, entered into a certain agreement with appellee, in the nature of a fire insurance policy, which policy is set out *in haec verba* in the declaration, reciting therein that for the consideration of $48.36 the appellant insures Dr. Charles P. Wilson against loss by fire to the property, which is minutely described in the policy, for the aggregate sum of $2,700, for the period of one year; and the declaration further alleges that before the expiration of said policy, the appellant and appellee entered into an oral agreement that appellee would leave said policy with the agents of appellant, and that appellant would, on or before the expiration of said policy, renew the said policy or contract of insurance upon the same property, for the same party and at the same price, the premium therefor to be paid by appellee when bill for

the same should be presented for payment, and that appellee has been ready, able and willing at all times to pay said premium when requested; that notwithstanding the said agreement, the appellant failed to renew he said policy or contract for insurance, and that on the eleventh day of December, 1911, the property in the said contract mentioned was consumed by fire, "Whereby the plaintiff (appellee) then and there sustained loss and damage to the amount of the insurance thereon"; that appellee gave notice of said loss and furnished to the appellant a particular account of loss, signed and sworn to by appellee, stating "the exact nature of the title and interest of the assured"; that "he has sustained loss and damage by fire on the said property," and that the appellant failed to pay the amount provided to be paid in the event of loss.

To this declaration a plea of the general issue was filed; the cause was heard and judgment rendered against the appellant in the sum of $2,150, and from that judgment this appeal has been perfected.

Among the other errors assigned by appellant is the refusal of the court, at the close of all the evidence, to give a peremptory instruction to the jury to find for the appellant.

This record clearly discloses the facts following: That Messrs. Hughes and Wilson were acting in the capacity of agents for the appellant at the time of the making of the contract here involved, and had been such agents for more than five years; that as such agents they were supplied with records, policies on blanks signed by the officers of appellant, reports, forms and indorsement slips, and had been, during the continuance of such agency, issuing policies upon the blanks furnished by the appellant; that the policy mentioned in the declaration was issued in this manner on the tenth day of December, 1909, for the period of one year, and the premium therefor paid to said agents and remitted to appellant; that sometime before the expiration of

the policy, appellee took the policy back to the office of the agents of appellant and left it there, and entered into an agreement for the renewal of the policy on or before its expiration.

This parol contract of renewal was testified to by appellee and was not contradicted by either of the agents of appellant, although they were both upon the stand, nor by any one else. The proof of loss and the value of the property destroyed was established by the evidence of appellee and also that of Mr. Hughes, one of appellant's agents, and notice of loss was served upon the Company.

Under our view of the facts disclosed by this record, the court properly refused to grant the peremptory instruction asked at the close of all of the evidence by appellant.

It is further urged, as grounds of error, that the agents of appellant did not have power and authority to bind the appellant Company by a parol contract.

The rule is well settled in this State that a person dealing with an agent, having no notice of limitation of the power of the agent, will be justified in believing that the power of the agent is coextensive with his undertaking. This doctrine is well recognized and announced in the following cases: *Hartford Fire Ins. Co. v. Farrish*, 73 Ill. 166; *Firemen's Ins. Co. v. Kuessner*, 164 Ill. 275; *Fire Ass'n. of Philadelphia v. Smith*, 59 Ill. App. 655; *Continental Ins. Co. v. Roller*, 101 Ill. App. 77.

So far as the law is concerned, "An insurance conract is not different from other contracts. If the minds of the parties have met in regard to the essential facts of the contract, it matters not whether such contract be in writing or by parol." Ostrander on Fire Insurance, par. 12.

The power to make contracts of insurance by parol agreement is declared in the case of *Continental Ins. Co. v. Roller, supra,* and also in *Firemen's Ins. Co. v. Kuessner, supra.*

It is also insisted that the court erred in giving the first and sixth instructions given at the request of appellee. The first instruction is as follows: ''If you further believe from the evidence that all the allegations contained in plaintiff's declaration are true, then in such state of the proof your verdict must be for the plaintiff.'' The sixth is very similar with the exception that it sets up the allegations of the declaration.

There is neither any allegation in the declaration that the property destroyed was the property of the appellee, nor that he had any interest therein. The policy provides that the ''loss, if any, under this policy payable to A. L. Dillon if on dwelling or barn, otherwise to insured as interest may appear, subject, nevertheless, to all the conditions of this policy.'' The loss on the buildings is payable to Dillon. If every allegation of the declaration was proved, the instruction directs a verdict and instructs the jury to find a verdict for appellee on the proof of such allegations. A peremptory instruction must include every element necessary to a recovery. *Cromer v. Borders Coal Co.*, 246 Ill. 451; *Krieger v. Aurora, E. & C. R. Co.*, 242 Ill. 544.

Even if the evidence had shown that appellee had no interest in the property, the jury were directed to find in favor of appellee, if the allegations of the declaration were proved. The declaration being defective in not alleging the interest of the appellee, the giving of these two instructions was reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*