## SOUTHERN CASUALTY CO. v. FLOWERS.*
(No. 12190.)

Court of Civil Appeals of Texas. Fort Worth.
Oct. 26, 1929.

Rehearing Denied Nov. 23, 1929.

*Writ of error granted.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for plaintiff in error.

Bonner, Bonner & Fryer, of Wichita Falls, for defendant in error.

DUNKLIN, J. Southern Casualty Company has appealed from a judgment rendered in favor of J. G. Flowers for $1,200 for the loss of an automobile which plaintiff alleged was covered by the defendant's parol contract of insurance against the risk of such loss.

The case was tried without the aid of a jury, and the trial judge filed findings of fact and conclusions of law, which appear in record and on which the judgment rendered was based.

On February 26, 1927, Horace and Walter Robbins, local agents of the defendant's company in Wichita Falls, issued a policy of insurance No. A17090, in favor of the plaintiff, insuring an automobile then owned by him, and described as a six-cylinder Packard touring car, against certain risks, including that of accidental collision or upset with any other automotive vehicle. That policy covered a period of one year from and after the date of its issuance.

The policy appears in the record and stipulates that it was for $1,200, and contains this provision: "The amount recoverable for accidental collision or upset under this policy shall not exceed the actual cash value of the property (less a deduction, if any, as above provided), at the time of any loss or damage, but shall not be limited by the amount of insurance named in this policy."

The policy also stipulates that it was for "full coverage" and one of its stipulations was as follows: "This policy is not subject to 75% value clause." The policy so issued described the car so insured as motor No. U–37443, number of cylinders, six, and that it was a new car, 1924 model, and $3,160 as cost to the owner.

During the month of August, 1927, and while the policy above mentioned was in full force and effect, the plaintiff traded said car and received in exchange therefor a used eight-cylinder Packard roadster, motor No. 209509, serial No. 209441. On December 3, 1927, the eight-cylinder Packard car, for which plaintiff had traded, was completely destroyed as a result of a collision with a boulder or some other object while it was being driven over a public highway.

The defendant company did not issue to Flowers a policy on the car so destroyed, but plaintiff's suit was based upon an alleged contract with the agent to issue such a policy in the sum of $2,500. It was further alleged that said car was worth the sum of $3,500 at the time of its loss.

The trial judge filed findings of fact and conclusions of law as follows:

"I find that Southern Casualty Company is actively engaged in the insurance business in Wichita Falls and for some years has been represented by the Robbins Company, a firm composed of Horace Robbins and Walter Robbins, agents, and for a number of years the plaintiff J. G. Flowers, has known the Robbins Company and Southern Casualty Company, and continuously for several years has had his various automobiles covered by a policy of insurance procured from Robbins Company, several of which have been in Southern Casualty Company.

"For the year preceding February 26, 1927, plaintiff had a policy on his Packard car in Southern Casualty Company, and on said date the same was renewed for a year and the premium requested was paid.

"Both plaintiff and his brother, Lee Flowers, knew Robbins Company well and had a number of policies with them and enjoyed credit with said firm; and in insuring automobiles this firm, in keeping with the general custom in this vicinity, transacted such business very largely over the telephone and in an informal way, that is, a policy is solicited and given over the telephone, but the full information necessary to be embodied in a final policy is not always available at the time, and various and different methods are pursued for securing detailed information for making up the policy, and, in the meantime, in keeping with general insurance practice, the risk is bound by a parol binder or by informal notations or memoranda made by the insurance company's agents or its officers.

"About September 27, 1927, plaintiff having a few days prior thereto traded the Packard car described in the renewal policy issued February 26, 1927, wired his brother who was then at Wichita Falls, Lee Flowers, to have the newly acquired Packard roadster car, covered by insurance with Robbins Company, informing them that he had traded off the car already insured and to have said policy transferred to the newly acquired car.

"Lee Flowers called Robbins Company and conveyed said information and informed said Robbins Company fully of the fact that the car then insured had been disposed of and that his brother J. G. Flowers, had acquired a Packard roadster car, which car was of the reasonable value of $2000.00.

"The manager of Robbins Company's office asked for the license and serial number of the newly acquired car and asked that the policy then outstanding on the other car be sent in for cancellation, but advised Lee Flowers that the newly acquired car in the meantime was fully covered and the latter information Lee Flowers promptly conveyed to the plaintiff J. G. Flowers. A policy then being outstanding in the Southern Casualty Company to the plaintiff a transfer of this policy to the newly acquired car was contemplated and agreed on by both parties, as thereby saving premium rebate.

"On December 3, 1927, the newly acquired Packard car, then of the reasonable cash market value of at least $2000.00, while being operated by an agent of the plaintiff was destroyed as the result of a collision (with an object) within the terms mentioned in the policy this being such hazard as was insured against by the policy dated February 26, 1927, and as contemplated and agreed by the defendant, through its agents, and the Plaintiff, through his agent, in the telephone conversation above mentioned; and notice of said loss was promptly and properly furnished to the defendant by plaintiff who after investigation, denied liability not later than December 8, 1927.

"On the date last mentioned the serial number and license number of the car traded for had not been furnished the defendant or its agents, but that matter had been mentioned between one of the Robbins brothers and Lee Flowers during social visits and on the street in casual conversation two or three times, and it was always contemplated between them that said information would be secured soon for the issuance of a permanent policy; also there has been mentioned the fact that Robbins Company wished for its files an affidavit that the policy issued February 26, 1927, had been lost.

"Plaintiff J. G. Flowers, was away from Wichita Falls, a good part of the time between September and December, and believed at all times that his car was insured with 'full coverage' for its insurable value—about $2000.00, and assumed and believed, as he had a right to do, that in view of his previous dealing with Robbins Company and Southern Casualty Company, that he would be fully protected as he has always been in the past and was not notified by defendant to the contrary.

"Plaintiff was ready able and willing to pay, as he had in the past, any proper bill sent him.

"I further find that the only reason that a permanent policy was not issued on the car that was destroyed was because of the fact that Southern Casualty Company, through its agents, Robbins Company, had [not?] been furnished the numbers of said car.

"Said car that was destroyed had been used to some extent when the plaintiff acquired it, and was in good condition and its value as above mentioned.

"I further find that at no time was any specific amount of insurance on the Packard Car mentioned between the parties, except in so far as such is implied in the term 'full coverage' as used in the telephone conversation between the parties.

"Conclusions of Law.

"While the telephone conversations between the plaintiffs agent and the defendants agent resulted in a binder no specific amount of insurance on the newly acquired car appears to have been mentioned; yet, it being agreed that the policy then in existence for $1200.00 should be transferred to the newly acquired car, there was an implied agreement that the insurance agreed upon was for no less sum.

"I have therefore rendered judgment for plaintiff for only $1200.00.

"Since, under all policies and under the custom and under the law only the actual value of the property destroyed may be recovered (and this regardless of the fact that the policy may be for a great deal more) I conclude that it was not necessary that any specific amount should have been agreed upon, because 'full coverage' which was agreed upon, would mean the full insurable value of the car at the time it was destroyed and this value was at least $2000.00 at the time the car was destroyed.

"I conclude as a matter of law, that under the evidence a judgment for $2000.00 payable to plaintiff against Southern Casualty Company would be justified in fact, and I think, in law; but the point not being entirely clear, I conclude that, without doubt, judgment for plaintiff for $1200.00 necessarily follows from the facts.

"I further find that after Lee Flowers called the Robbins Company, who represented several different insurance companies, that Horace Robbins, one of the agents of the Southern Casualty Company, on several occasions advised Flowers that he could not issue in his said company a policy of insurance until the old policy had been surrendered or an affidavit made showing the loss thereof, and in addition that he could not issue an insurance policy on the car in question until he had the motor and license number of said car, and that the oral agreement still stood at the time of the loss.

"These additional findings are made by the court at defendant's request and as a supple-

ment to the original findings of fact and conclusions of law herein filed."

As shown by plaintiff's pleadings, suit was brought to recover upon an alleged contract to insure the automobile for the sum of $2,500, and it may be said at the outset that, if that contract was established by competent evidence, then appellant would have no room to complain that the recovery was for $1,200, since that would be an error in its favor and not against it. As shown by the findings filed by the trial judge there was no definite conclusion reached as to whether the contract sued on was to insure the property for $2,500. The facts so found indicate some uncertainty in the mind of the judge as to the sufficiency of the proof on that issue, but that at all events there was a contract to insure the car for as much as $1,200 as was the six-cylinder automobile theretofore covered by the policy theretofore issued. Plaintiff's petition contained no count for recovery, upon the theory that the defendant agreed to issue a policy for the same amount and in the same terms as the policy that was issued to cover the six-cylinder car, and for that reason alone plaintiff could not recover upon any such supposed contract. Brewton v. Butler (Tex. Civ. App.) 12 S.W.(2d) 228, and authorities there cited.

It is true, as insisted by the plaintiff, that an express agreement, resting in parol, may be implied from certain acts and circumstances. 32 Corpus Juris 1096.

Plaintiff also cites Barrette v. Casualty Co., 79 N. H. 59, 104 A. 126, in which it was held that an employee, applying for employers' liability insurance, was fully insured for a time at least when he was advised by an insurer's authorized general agent that the insurer would "cover" him, since the term "cover" was intended to "cover" such liability. However, it may be noted that, since the insurer's contract for such insurance is fixed by law, no other meaning could have been imputed to that agreement. See 2 Cooley's Briefs on Insurance (2d Ed.) 1357–1358, to the effect that the amount of insurance cannot be said to be fixed except in cases of valued policies; and that in open policies the insured can recover only for his actual loss not to exceed the amount named.

As shown by the findings of the trial court, the principal testimony upon which the court found that Robbins agreed to issue the policy was that of Flowers, to the effect that Robbins told him that the Packard eight was fully covered, but there was no evidence introduced to show the amount for which the new car would be insured, nor the risk against which the insurance would apply, nor for how long the insurance should continue, nor what premium would be charged therefor.

In Merchants' & Manufacturers' Inter-Insurance Alliance v. Hansen (Tex. Civ. App.) 258 S. W. 257, 258, referring to a policy with full coverage clause, it is said: "Such a policy means, and was understood by the parties

to mean, a policy that insures against risks of fire, theft, collision, property damage, and indemnity on owner's liability." See, also, McQuaid v. Ætna Ins. Co., 226 Mass. 281, 115 N. E. 428, by the Supreme Court of Massachusetts.

In fact, the words "full coverage" was used in the policy issued on the six-cylinder car, and the terms of that policy clearly show that it was there used in that sense. If, in the negotiations between plaintiff's brother and Robbins, those parties had in mind the terms of the policy that had been issued on the six-cylinder car, as the trial judge seems to indicate was true, then it would follow that the plaintiff would be bound by the meaning given in that policy of the words "full coverage."

It is elementary that in order to consummate a valid binding contract there must be a meeting of the minds of the parties, and I have reached the conclusion that the evidence introduced by the plaintiff when construed most favorably to him was entirely too indefinite to support the alleged agreement of the defendant, upon which a recovery was sought.

It was not incumbent upon appellant to file a motion for new trial challenging the judgment rendered, upon the ground that it was not supported by the evidence. On the contrary, I conclude that the right to urge that point in this court for the first time is expressly given by article 2210, Rev. Civ. Statutes of 1925. See, also, the decision of this court in opinion by Justice Buck in the case of City Council of Fort Worth v. Fort Worth Master Plumbers, 8 S.W.(2d) 730, and authorities there cited.

Nor are findings of the trial court necessarily conclusive when a statement of facts is brought up with the record. Lieber v. Nicholson (Tex. Com. App.) 206 S. W. 512, and cases there cited.

The opinion by the Commission of Appeals in Phillips Petroleum Co. v. Booles, 276 S. W. 667, I do not deem controlling, since in that case there was a verdict of the jury upon which a judgment was based and which the court was by statute required to follow in rendering a judgment. What was said in that opinion relative to the necessity of challenging by motion for new trial the findings of fact by the trial judge when the case is tried without a jury was not necessary to the disposition of that appeal, and I believe was contrary to the weight of authorities in this state.

For the reasons noted, I think the judgment of the trial court should be reversed, and the cause remanded.

CONNER, C. J. (dissenting). I have been unable to adopt the reasoning or conclusion of my Associate, Mr. Justice DUNKLIN. As I understand, his conclusion is based upon the ground that the appellee's petition

amounts to a declaration upon a contract of insurance covering appellee's newly acquired eight-cylinder car for the sum of $2,500. I do not think appellee's petition should be given so strict a construction.

Omitting formal parts, and after setting forth a custom on appellant's part to execute preliminary contracts of insurance, referred to as binders, the issuance of the policy covering the Packard six car, the custom theretofore obtaining between the parties relating to the issuance of insurance policies, etc., the petition alleged that the newly acquired eight-cylinder car was worth $3,500, and "that plaintiff acquired said last mentioned car at Abilene, and at once wired his brother, Lee Flowers, in Wichita Falls, giving him description of the newly acquired Packard 8 car and telling him to see or 'phone Robbins Company and instruct them to cancel the policy on the car which plaintiff had previously owned, viz., the Packard 6, and to cover the newly acquired car, viz., the Packard 8 roadster. That plaintiff's brother, Lee Flowers, did as requested, 'phoned the Robbins Company and apprised them fully of the fact that this plaintiff no longer owned the Packard 6 car but in place of it had acquired and wished fully covered the Packard 8 car, in the sum of $2,500; this being the usual form and extent of negotiations in the vicinity of Wichita Falls in obtaining such contracts, and same having been observed between this plaintiff and said Robbins Company and Southern Casualty Company on previous occasions.

"Plaintiff shows that said Robbins Company informed Lee Flowers, plaintiff's brother and agent, that the policy on the Packard 6 car was being cancelled and same would be transferred to and applied on the Packard 8 car, and asked said Lee Flowers for the engine number and the serial number of the Packard 8 car, which said Lee Flowers for the amount was unable to accurately give, and the defendant Robbins Company then said that this could be had later, and said Lee Flowers then asked if the newly acquired Packard 8 car was covered, and was told by the Robbins Company that same was fully covered and that a binder from Southern Casualty Company was getting placed, meaning thereby that an informal binder contract of insurance was being by them issued against the Southern Casualty Company, binding said

company to issue a formal policy to this plaintiff, J. G. Flowers, granting him full coverage on his Packard 8 car above described in the sum of $2500 and that when issued the new policy would be identically like that issued to Plaintiff on the Packard 6 car, of February 26, 1927, except that the same would be in the sum of $2500 and would cover his Packard 8 roadster whereas the policy issued February 26, 1927, had covered his Packard 6 car in the sum of $1200.00."

It is thus seen that the petition sets forth the words used—just what occurred at the time of the telephone conversation—and these are the facts that constitute the contract. The conclusion of the pleader that the words used *meant* insurance in the sum of $2,500 is but a legal conclusion which is not of controlling effect in determining appellee's right. The subsequent references in the petition to the contract as one for insurance in the sum of $2,500 is referable, I think, to the original conclusion already indicated, and amounts to no more than mere conclusions of the pleader. The sufficiency of appellee's petition was not questioned by any demurrer or exception called to the attention of the trial court, and it seems to me that it is now too late to adopt a strict construction of the petition. While the telephone conversation between the parties included no specific amount of insurance to be carried, the agent did assure appellee that his car was fully covered, from which it is reasonable to imply, as the trial court did, that the company at least bound itself in a reasonable amount, and there is no contention that the award of the court is excessive.

The variance between the actionable facts alleged and the proof, if the question can be so viewed, is certainly not such as was misleading, and hence now ineffective. See National Bank v. Stephenson, 82 Tex. 435, 18 S. W. 583.

On the whole, I think the conclusions of fact and law of the trial court should be adopted and the judgment affirmed.

BUCK, J. (concurring). I concur in the conclusions reached by Chief Justice CONNER, and hold that the judgment of the trial court should in all things be affirmed on the findings of fact by the trial court, which we adopt.