## SOUTHERN CASUALTY CO. v. FLOWERS et al.

### No. 1260—5652.

Commission of Appeals of Texas, Section B.

May 16, 1931.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for plaintiff in error.

Bonner, Bonner & Fryer and Virgil Childress, all of Wichita Falls, for defendants in error.

SHORT, P. J.

The defendant in error J. G. Flowers recovered a judgment for $1,200 against the plaintiff in error in the trial court. The case was tried to the court without the intervention of a jury, and, at the instance of the plaintiff in error, the trial judge filed his findings of fact

and conclusions of law. The case was carried to the Court of Civil Appeals at Fort Worth by the means of a writ of error. In that court Associate Justice Dunklin wrote an opinion in which these findings of fact and conclusions of law are set out, reaching the conclusion that the judgment of the trial court should be reversed and the cause remanded. Chief Justice Conner wrote an opinion in which Associate Justice Buck concurred, affirming the judgment of the district court. 23 S.W.(2d) 507.

■ The application to the Supreme Court for writ of error was granted on the first assignment of error, under which there is this proposition: "Where plaintiff alleges an express contract for an express amount he cannot recover upon proof that no amount was agreed upon." This is a correct proposition of law. Chief Justice Conner discusses the record applicable to this proposition, and conclusively shows, by a quotation from the petition of the defendant in error Flowers, that it does not allege an express contract for an express amount, but that it alleges the facts that constitute the contract, and, in the absence of special exceptions, there having been none urged in this case, as against the general demurrer, the petition was sufficient to show that the suit, when the allegations of the petition are construed in their most favorable light, was one to recover, upon an implied contract, for an implied amount. The findings of fact filed in the trial court, under this construction of the pleadings, are sufficient to support the judgment. The statement of facts, which we have carefully read, contains some testimony of a substantial nature, which supports the findings of fact by the trial judge, though the testimony is conflicting.

The two opinions written in this case, when considered together, contain a sufficiently full statement of the case to illustrate the contentions of the parties, with reference to the pleadings and the testimony introduced in support thereof. There was no question as to the identity of the car, which was destroyed, as being the subject of the alleged oral agreement. Neither is there any question made, as to the character of the alleged insurance policy, which the plaintiff in error is claimed to have agreed to issue to the defendant in error Flowers, covering the loss which the testimony shows Flowers sustained, nor the terms to be embraced in the policy, which was alleged the plaintiff in error agreed to issue. The sole questions involved in this record are whether the defendant in error Flowers sued upon an express contract, and whether the testimony was sufficient to sustain the judgment under the pleadings, in the absence of special exceptions.

We have carefully considered these two questions, and have reached the conclusion that Chief Justice Conner's opinion, with one exception, correctly states the law of the case. That exception is as follows: "While the telephone conversation between the parties included no specific amount of insurance to be carried, the agent did assure appellee that his car was fully covered, from which it is reasonable to imply, as the trial court did, that the company at least bound itself in a reasonable amount." Among other things stated by the trial court, which is a statement of fact, though under the head of "conclusions of law," is the following: "While the telephone conversations by the plaintiffs agent and the defendants agent resulted in a binder no specific amount of insurance on the newly acquired car appears to have been mentioned; yet, it being agreed that the policy then in existence for $1200.00 should be transferred to the newly acquired car, there was an implied agreement that the insurance agreed upon was for no less sum." This statement embodies a finding of fact that there was an implied agreement under all the testimony in the case that the new policy should be for the amount of the old policy, and not that there was an agreement that the amount for which the policy was to be issued was to be a reasonable one, and that therefore there was no meeting of the minds of the parties as to any specific amount.

■■ The petition does not contain any allegation that there was an agreement to issue a policy for a reasonable amount. It rather states the facts, from which the trial judge was justified in reaching the conclusion that the policy on the newly acquired car was to be issued for the same amount which had been issued upon the previously owned one. The trial court having found that the minds of the parties had met, as to the amount of the policy which was to be issued, and the Court of Civil Appeals having approved this finding of fact, supported by testimony, as shown by the statement of facts, by affirming the trial court, the giving of a wrong reason therefor, as it did in the quotation above, is not sufficient to justify a reversal of the judgment rendered.

Believing that the petition is sufficient to support a cause of action as against the general demurrer, and that there is substantial testimony in the statement of facts to support the findings of fact by the trial judge, and further believing that, with the exception noted, the opinion of the majority of the Court of Civil Appeals states the law of the case, we recommend that the judgments of the Court of Civil Appeals and of the trial court be affirmed.

CURETON, C. J.

Judgments of the District Court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.