was no change in the business after the Corporation was formed.

It is true that the Social Security returns stated that those listed were employees of the Corporation. Plaintiffs say that they were truly its employees and that the employees of the Iron Works were at another location in Chicago. We think on the record in this case the trial court would have been justified in concluding that the employees though named in the returns as employees of the Corporation, were actually employees of the Iron Works, or if considered employees of the Corporation, they were engaged in the business of the Iron Works.

It is our view that the Corporation was, at most, an agent of Schmitz in the conduct of the business of the Iron Works. If it can be said, therefore, that the Corporation, through the activity shown, occupied the premises, its occupancy was not that of "any other person" but that of Schmitz. *Peacock v. Feltman*, 243 Ill. App. 236.

For the reasons given the judgment is affirmed.

*Affirmed.*

LEWE, P. J., and BURKE, J., concur.

Willow Dean Rensselaer for use of Matthew Jones, Appellant, v. Mid-States Insurance Company, Appellee.

Gen. No. 43,857.

opinion filed November 13, 1947; rehearing opinion filed May 4, 1948; released for publication June 4, 1948. Ruttenberg & Ruttenberg, for appellant; David C. Ruttenberg and Marvin H. Ruttenberg, of counsel; William Parker Ward, for appellee. Opinion by PRESIDING JUSTICE FRIEND. Not to be published in full.

## James Leonard O'Grady, Appellant, v. William L. McFetridge et al., Appellees.

### Gen. No. 44,247.

opinion filed May 24, 1948; released for publication June 8, 1948. Francis Heisler and Julius Lucius Echeles, for appellant; Daniel D. Carmell and I. Harvey Levinson, for appellees. Opinion by PRESIDING JUSTICE NIEMEYER. Not to be published in full.