**Louis Pimentil, Appellant, v. Milo Brooke, Inc., Appellee.**

**Gen. No. 46,753.**

First District, Third Division.

June 29, 1956.

Released for publication September 12, 1956.

Philip E. Blecher, and Joseph Barbera, both of Chicago, for appellant; Charles D. Snewind, of Chicago, of counsel.

Mulcahy, Murphy & Dieringer, of Chicago, for appellee; Michael F. Mulcahy, and Henry W. Dieringer, both of Chicago, of counsel.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an action to recover damages for breach of an alleged oral contract to insure plaintiff for public liability resulting from any accident involving the automobile purchased by plaintiff from defendant. After the proofs were closed, defendant moved for a directed verdict. Judgment on the motion was reserved and the cause submitted to the jury. The jury being unable to reach a verdict, defendant's motion was granted and judgment entered accordingly. Plaintiff appeals.

The principal question presented is, whether plaintiff adduced evidence sufficient to establish the necessary elements of an oral preliminary contract to insure plaintiff against public liability.

The history of the transaction may be briefly stated. Plaintiff, a native-born Puerto Rican, went to defendant's place of business for the purpose of purchasing a used automobile. After plaintiff decided on a car, he discussed with defendant's salesman, one Horner, the terms of purchase. During this discussion, the subject of insurance was raised by plaintiff. His testimony on this subject was as follows:

"Then I told him, 'I want a good insurance for the car.' I said, 'I want a good insurance for the car because I don't want no trouble,' and he [salesman Horner] asked me what kind of insurance I wanted. I told him, 'I wanted full cover insurance.' Then I tell to Mrs. Morreales [a friend of plaintiff] to explain to him because she knows a little Spanish and I tell her in Spanish and then she can explain it in English.

202

"Then Horner asked what kind of insurance I wanted. He asked me, 'If you hit some boy come from school, or another car, cover them?' I told him, 'That is what I want because I don't want no trouble.' Then he told me, 'You got it.' "

Several weeks later, plaintiff received the insurance documents consisting of a $50 deductible comprehensive policy on the car, a policy on plaintiff's life to the extent of the financial obligation, and a bail bond. There was no public liability policy included.

In September, 1953, plaintiff was involved in an automobile accident and subsequently was found liable in a negligence action. In that action, judgment was entered against plaintiff in the amount of $35,000. In the case at bar, plaintiff seeks to recover damages alleged to have been sustained in the former suit.

In considering defendant's motion for a directed verdict, it is the duty of the court to examine the record and determine whether there is any evidence, which, taken with its intendments most favorable to the plaintiff, tends to prove the essential elements of the complaint. (Sims v. Chicago Transit Authority, 4 Ill.2d 60.)

Plaintiff says that the elements of the oral contract to insure may be implied from the surrounding circumstances.

The law seems well established that preliminary contracts to insure may be proved by parol as well as written evidence. (Welch v. Northern Assur. Co., 223 Ill. App. 77; Concordia Fire Ins. Co. v. Heffron, 84 Ill. App. 610. See also, Cottingham v. National Mut. Church Ins. Co., 290 Ill. 26.) The elements of the preliminary contract may be implied from past dealings between the parties (Fisher v. Underwriters at Lloyd's London, 115 F.2d 641 (CCA 7th, 1940)); correspondence between the parties (Cottingham v. National Mut. Church Ins. Co., 290 Ill. 26); or from conversations or

customs prevalent in the locale (Concordia Fire Ins. Co. v. Heffron, 84 Ill. App. 610).

In announcing the rule in the Cottingham case, 290 Ill. 26, our Supreme Court, adverting to Eames v. Home Ins. Co., 94 U. S. 621, said at page 32:

"It is sufficient if one of the parties to such a contract proposes to be insured and the other party agrees to insure, and the subject, the period, the amount and the rate of insurance are ascertained or understood and the premium paid if demanded."

In that case, the court found that the parties' correspondence contained the amount of insurance; the subject of insurance; the first year's premium, though not designated by amount, in a formula known to the parties; and the period of coverage. Further, there had been no demand for the premium payment. Under these circumstances, the court held in the Cottingham case that there was a valid preliminary contract to insure.

 In the instant case application of the tests as announced in the Cottingham case do not sustain plaintiff's position for the reason that plaintiff has failed to establish the necessary elements for a valid preliminary contract. Here, the conversation alleged to give rise to the oral contract shows a party purporting to be insured, a party agreeing to insure, and a definite subject to be insured, viz., the public liability arising from an automobile accident. But there is no evidence from which it may be implied that the parties understood the period of coverage, the amount of the policy, or the rate of insurance.

Plaintiff argues that Jennings v. Illinois Automobile Club, 319 Ill. App. 587, and Welch v. Northern Assur. Co., 223 Ill. App. 77, hold that when an agreement to provide insurance is silent on the conditions, it is presumed that the parties contemplate a form of policy usually used in similar circumstances. However, in

both of the last cited cases, this proposition was merely the contention of the appellants. The question in the Jennings case concerned not the existence of a preliminary contract, but the construction of an established contract. Therefore that case is not applicable here. In the Welch case, the court found in the oral agreement between the parties all the necessary elements except the premium rate. As to the premium rate, the court said the plaintiff had promised to pay the premium so its absence from the agreement did not vitiate the contract. It does not appear, however, from the report of the Welch case that the court had the Cottingham case called to its attention, and we doubt that the absence of the premium rate would permit of a valid contract to insure. But even assuming the rule announced in the Welch case to be a correct statement of the law, plaintiff in the present case still has not shown the elements of the period of coverage and the amount of coverage.

Plaintiff insists that "full and adequate coverage" used in the conversation with defendants shows that the parties intended "reasonable" coverage. In support of his position, plaintiff relies on Southern Casualty Co. v. Flowers, (Tex. Civ. App.), 23 S.W.2d 507. There the plaintiff wanted an automobile insurance policy transferred from his old car to a newly purchased car, plus additional insurance. The Supreme Court of Texas, affirming the recommendations of the Commission of Appeals, ruled that the agreement between the parties was not for coverage to a "reasonable" amount, but rather, it was for coverage to the amount of the policy to be transferred. Recovery was limited to the amount of the prior policy. (38 S.W.2d 570.) In the case before us, there was no prior contract. Nor was there anything appearing in the conversation to reasonably give rise to the inference that coverage was to be for a "reasonable" amount.

205

Since we are of the opinion that plaintiff has failed to introduce any evidence tending to prove the requisite elements of amount of policy, duration of coverage and rate of the premium, we are impelled to affirm the judgment.

For the reasons given, the judgment is affirmed.

Judgment affirmed.

KILEY and FEINBERG, JJ., concur.