LYN DEVERS, Plaintiff-Appellant, *v.* PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellee.—(FRANCIS W. BARROW *et al.*, Third-Party Defendants.)

Fifth District   No. 79-504

Opinion filed July 29, 1980.

C. Robert Hall, of Carbondale, for appellant.

James B. Bleyer, of Marion, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Lyn Devers, brought this action for a declaratory judgment in the Circuit Court of Jackson County against defendant, Prudential Property and Casualty Company (Prudential), to establish defendant's obligations under an oral contract to insure. At the close of plaintiff's evidence, defendant's motion for judgment was granted by the court, sitting without a jury. This appeal followed.

Plaintiff was the sole witness in the proceedings below. She testified that she called Prudential's office in Granite City to obtain insurance on her new automobile. She asked to speak to a particular agent who had written her father's auto policy, but was told that he had left Prudential and that another man had taken his place. She was connected to a Mr. Moscoff, who questioned her about the type of policy she wanted. Plaintiff told him she wanted the same coverage she had through Prudential on an earlier vehicle, although she could not recall any specific provisions they discussed. Moscoff asked several questions about her new car, including its serial number. Plaintiff did not have the number with her and asked if she could call back later in the day. She also asked whether she was covered, and according to her testimony, Moscoff replied in the affirmative to both questions.

About an hour later, plaintiff called back and spoke with Moscoff again. She gave him the serial number of the car and they discussed the price of the policy. She recalled him quoting a premium of $103, either

quarterly or semi-annually. She gave him her billing address and he told her he would mail the policy and statement to her. Later that day, plaintiff and her car were involved in an accident. Defendant refused to pay plaintiff's claims arising from the accident and in its answer and third-party complaint against the other drivers involved, defendant denied that the policy was in effect and that plaintiff was covered at the time of the accident.

At the close of plaintiff's evidence, the court gave two reasons for granting defendant's motion for judgment, although neither ground was incorporated in the court's written order. The court found that plaintiff had not proved the essential elements of an insurance contract and that plaintiff had not proved Moscoff's authority as an agent of Prudential. We reverse.

■■ It is sufficient to form a contract for insurance "if one of the parties to such a contract proposes to be insured and the other party agrees to insure, and the subject, the amount, and the rate of insurance are ascertained or understood and the premium paid if demanded." (*Cottingham v. National Mutual Church Insurance Co.* (1919), 290 Ill. 26, 32, 124 N.E. 822, 825.) The agreement may be oral (*Gothberg v. Nemerovski* (1965), 58 Ill. App. 2d 372, 208 N.E.2d 12; *Rensselaer v. Mid-States Insurance Co.* (1948), 334 Ill. App. 389, 79 N.E.2d 530 (abstract)), and its essential elements can be established by implication if they are not stated explicitly. So long as the parties manifest a common understanding of the policy's provisions, a meeting of the minds will be presumed and the contract is considered complete upon the insured's agreement to pay the premium. (*Barlow v. Farmer's Mutual Fire Insurance Co.* (1906), 128 Ill. App. 580, 583.) "In a preliminary contract it will be presumed that the parties contemplate such form of policy containing such conditions and limitations as are usual in such cases or have been used before between the parties." *Cottingham v. National Mutual Church Insurance Co.* (1919), 290 Ill. 26, 33, 124 N.E. 822, 825.

The terms are stated sufficiently if the parties agree on "the same coverage as before." (*Security Insurance Co. v. Mato* (1969), 108 Ill. App. 2d 203, 246 N.E.2d 685, *appeal on remand* (1973), 13 Ill. App. 3d 11, 298 N.E.2d 725; *Continental Insurance Co. v. Roller* (1901), 101 Ill. App. 77.) In *Mato* the insured spoke to an agent by telephone and requested the same coverage for his new car that he had on his former auto through the agent's company. The court held that "[o]n the record before us there can be no doubt that the parties agreed upon the essential elements of a contract of insurance. Defendant specifically requested the same coverage he had had before. He was orally assured he would have such coverage. * * * It is sufficient if the elements are understood or can be ascertained. [Citations.]" 108 Ill. App. 2d 203, 207, 246 N.E.2d 685, 687-88.

In a similar vein, *Roller* held that a binding oral contract to insure was formed even though the duration and price of coverage were not mentioned during the conversation, because those terms had been addressed in prior policies between the parties and both the insurer and the insured knew the custom and practices. Oral binders for automobile insurance are common practice. (*Marino v. Fireman's Insurance Co.* (1952), 345 Ill. App. 540, 104 N.E.2d 317.)

> " 'If no preliminary contract would be valid unless it specified minutely the terms to be contained in the policy to be issued, no such contract could ever be made, or would ever be of any use. The very reason of sustaining such contracts is, that the parties may have the benefit of them during that incipient period when the papers are being perfected and transmitted. \* \* \* It will be presumed that they contemplate such form of policy, containing such conditions and limitations as are usual in such cases, or have been used before between the parties. \* \* \*. (Eames v. Home Insurance Co., 94 U.S. 621.)' " *Continental Insurance Co. v. Roller* (1901), 101 Ill. App. 77, 79.

■■ The price of the policy is an essential element of a contract to insure (*Milwaukee Mechanics' Ins. Co. v. Graham* (1899), 181 Ill. 158, 160, 54 N.E. 914), but even if the amount of the premium is not fixed, the contract is enforceable if the insured simply agrees to pay the amount to be charged by the insurer. *Welch v. National Assurance Co.* (1921), 223 Ill. App. 77, 85.

■■ In the case at bar, plaintiff explicitly inquired about the price and a definite amount was stated by Moscoff. Plaintiff's action in furnishing her billing address and Moscoff's assurance that he would send a statement and the policy certainly could be considered evidence of the parties' agreement on price. Plaintiff also told Moscoff her name, the type of car she wanted insured and the type of insurance she desired. From both parties' references to plaintiff's earlier policy, the inference could stand that there was a mutual understanding as to the other provisions. In like manner, it could also be inferred from the questions and answers about the features and serial number of plaintiff's car that the subject to be insured was also agreed upon. In short, we find ample evidence in the record to support a judgment for plaintiff. *Cf. Pimentil v. Milo Brooke, Inc.* (1956), 11 Ill. App. 2d 201, 136 N.E.2d 608; *Barlow v. Farmer's Mutual Fire Insurance Co.* (1906), 128 Ill. App. 580.

Prudential contends that there was no proof of Moscoff's actual authority as a Prudential agent and no evidence of his apparent or implied authority to bind the insurance company. This argument is not well taken.

"Apparent authority" flows from the acts of a principal and is distinguished in the case law from "implied authority," which derives

from circumstantial evidence. "Apparent authority," or "authority by estoppel," arises when a principal, through words or conduct, creates a reasonable impression that the agent has authority to perform a certain act. (*Crawford Savings & Loan Association v. Dvorak* (1976), 40 Ill. App. 3d 288, 292, 352 N.E.2d 261, 264; (Restatement (Second) of Agency §8 (1958).) Implied authority, on the other hand, is defined as " 'actual authority circumstantially proved,' [citation]" (*Alterman v. Lydick* (7th Cir. 1957), 241 F.2d 50, 53) and is regarded as authority implied by facts and circumstances (*Indemnity Ins. Co. of North America v. Midwest Transfer Co.* (7th Cir. 1950), 184 F.2d 633).

■ While it is generally true that authority cannot be proved by declarations of the alleged agent (*Sommerio v. Prudential Insurance Co.* (1937), 289 Ill. App. 520, 7 N.E.2d 631), the case law is settled that a member of the public who telephones a business concern may presume that the person answering the telephone has authority to speak for the business firm. (*Gothberg v. Nemerovski* (1965), 58 Ill. App. 2d 372, 382-83, 208 N.E.2d 12, 18; *Korch v. Indemnity Insurance Co.* (1946), 329 Ill. App. 96, 101, 67 N.E.2d 298, 301.) Plaintiff telephoned the listed number for Prudential and was connected with Moscoff, who entered into a detailed conversation about plaintiff's coverage, inquired about the type of automobile involved, and assured plaintiff that she was covered. We believe that these acts and circumstances are sufficient proof of Moscoff's implied authority as defendant's agent.

Whether he was an employee of Prudential, or an agent or employee of an agent of Prudential, plaintiff could assume that the person to whom she spoke on the telephone at the number listed as defendant's business telephone in Granite City had the authority to transact business for defendant. Moscoff's alleged assertions and conduct were all evidence of his authority to bind Prudential. Furthermore, as was noted in *Wohl v. Yelen* (1959), 22 Ill. App. 2d 455, 459, 161 N.E.2d 339, 341, "if the evidence with respect to an issue is within the control of an adverse party, it is he who has the burden of proof * * *." Applying this principle, we believe plaintiff's evidence was sufficient to establish a prima facie case of Moscoff's authority; it was defendant's burden to produce evidence of Moscoff's want of power to bind the defendant.

We believe that the trial court was incorrect in the reasons it assigned for ruling for defendant at the close of plaintiff's case. Plaintiff's evidence was sufficient to establish a prima facie case that an oral contract of insurance was entered into by Moscoff and that he had the authority to bind the defendant as its employee or agent. We do not understand the trial court's decision to be based on a weighing of the evidence as mandated by section 64(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 64(3); *City of Evanston v. Ridgeview House, Inc.* (1976), 64

Ill. 2d 40, 349 N.E.2d 399), or on an assessment of plaintiff's credibility, but rather on a determination that plaintiff's proof failed as a matter of law to establish an oral contract to insure or Moscoff's authority to bind the defendant, or both. To this extent, the decision of the trial court was contrary to the manifest weight of the evidence.

If we were to assume that the decision of the trial court was that plaintiff's testimony was inherently improbable or unworthy of belief, again we conclude that the decision of the court was against the manifest weight of the evidence as we find nothing inherently improbable or un-believable in plaintiff's testimony which stood uncontradicted. *De Bello v. Checker Taxi Co.* (1972), 8 Ill. App. 3d 401, 290 N.E.2d 367; *Jackson v. Navik* (1976), 37 Ill. App. 3d 88, 346 N.E.2d 116; *cf. Hawthorn Mellody Farms Dairy, Inc. v. Rosenberg* (1973), 11 Ill. App. 3d 739, 744, 297 N.E.2d 649, 653.

Our review of the record persuades us that plaintiff presented sufficient evidence to support a judgment in her favor. Whether or not a contract for insurance was formed in the instant case is a factual determination that should be made in light of all the evidence to be presented by both parties and the trial court's assessment of the credibility of the witnesses. We reverse the order of the Circuit Court of Jackson County and remand this cause for proceedings consistent with this opinion.

Reversed and remanded.

JONES, P. J., and SPOMER, J., concur.