(No. 27877.—)

WILLIAM H. GRAY *et al.*, Appellants, *vs.* THE FIRST NA-
TIONAL BANK OF CHICAGO *et al.*—(THE FIRST NA-
TIONAL BANK OF CHICAGO, Appellee.)

*Opinion filed Sept. 19, 1944—Rehearing denied Nov. 16, 1944.*

WEINBERG, KJELLANDER, O'FARRELL & AMES, (JOHN
J. AMES, of counsel,) all of Chicago, for appellant John J.
Ames, intervening petitioner.

HARRY S. DITCHBURNE, and LOUIS T. HERZON, both of Chicago, for other appellants.

AMBERG, LIVINGSTON, KEARNS & DAHLIN, and NAT M. KAHN, (JOHN W. KEARNS, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On June 30, 1931, William H. Gray and Orpha Buckingham Gray, his wife, executed a note for $65,000 payable on demand to the First National Bank of Chicago. Other notes secured by first and second mortgages on four parcels of real estate owned by William H. Gray were delivered as collateral to the $65,000 note. Mrs. Gray died October 4, 1931, leaving a will, by which she devised to her sons, Ralph B. Gray and William B. Gray, and her daughter, Ina Gray Cook, in equal shares, a tract of land located in Woodford county. The $65,000 note was not paid, and on January 16, 1932, the bank filed a claim against the estate of Orpha Buckingham Gray for the amount due on said note. It was allowed in the sum of $71,218.34. On or about the same date, the bank made demand on William H. Gray for payment of the note. Negotiations extended over a period of time and finally resulted in the bank entering a credit of $41,409.43 on the note on January 16, 1935. The principal issue on the merits of this cause is as to whether the bank may recover the balance due on said $65,000 note, or did it accept the payments made in accord and satisfaction of the full amount due.

On July 31, 1939, the First National Bank filed a complaint at law in the circuit court of Cook county against William H. Gray. administrator of the estate of Orpha Buckingham Gray, William H. Gray individually, William B. Gray, Ralph B. Gray and Ina Gray Cook, in which it

was alleged that the defendants, except William H. Gray, were devisees in the will of Orpha Buckingham Gray, and as such had received the Woodford farm which was now in their possession. The liability of said decedent on the note was alleged and a recovery against the beneficiaries of the unpaid balance, in accord with the Statute of Frauds, was claimed. The amount for which judgment was asked against said beneficiaries was $22,886.33, plus some interest. The bank also asked for judgment against the father, William H. Gray, in the same amount. All defendants were duly served or entered their appearance in the action. The law firm of Weinberg, Kjellander, O'Farrell & Ames appeared in said action on behalf of Ina Gray Cook.

In October, 1939, William H. Gray, individually and as administrator with will annexed of the estate of Orpha Buckingham Gray, Ralph B. Gray and William B. Gray, instituted this action in the circuit court of Cook county, to which they made the First National Bank, Ina Gray Cook and others parties defendants. The plaintiffs in this action alleged the principal facts pertaining to the indebtedness that William H. Gray and wife owed the bank, the negotiations between William H. Gray and the bank, and payment of the amount as aforesaid. The pertinent part of the prayer was that the bank be restrained from prosecuting its action, which was the one above described, that the mortgages held by the bank as collateral to the $65,000 note be released and discharged of record, and that it be decreed that the bank had accepted the $41,409.43 in accord and satisfaction of its debt.

The bank answered and filed a countercomplaint in which the same relief was prayed against William B. Gray, Ralph B. Gray and Ina Gray Cook, as beneficiaries under their mother's will, that was asked in the action at law which the bank filed against the Grays on July 31, 1939. It also asked for appointment of a receiver for the Wil-

liam H. Gray property described in the mortgages held as collateral and a decree of foreclosure of the same. A summons issued to the sheriff of Cook county was returned as to Ina Gray Cook "not found."

The pleadings were voluminous and included a large number of attached exhibits. They included writings in form of correspondence which passed between the bank and William H. Gray in reference to said indebtedness, and particularly in regard to the payment made January 16, 1935. After answer was filed by the bank to the Grays' complaint, and after the Grays had filed an answer to the countercomplaint of the bank, a motion was filed by the bank, asking that part of the Grays' pleading be stricken and for judgment on the pleadings. The Grays countered with a cross motion to dismiss the bank's motion, for an order of reference and other relief. William H. Gray died during the pendency of this proceeding and Ralph B. Gray was substituted as administrator *de bonis non* of the estate of Orpha Buckingham Gray, and became a party as executor of the will of William H. Gray.

On December 19, 1941, the chancellor ruled on the bank's motion and entered a decree which ordered a judgment against William B. Gray, Ralph B. Gray and Ina Gray Cook, in favor of the First National Bank, in the sum of $20,666.67, and decreed a foreclosure of the mortgages held as collateral to the $65,000 note, and other relief.

Four days after the entry of said decree, John J. Ames, a member of the law firm of Weinberg, Kjellander, O'Farrell & Ames, petitioned the court for leave to intervene and attached an affidavit in support of the petition. Leave to intervene was granted. The bank answered and intervenor replied. The intervening petition, the answer and reply served to bring to the attention of the court the fact that Ina Gray Cook had not been served with summons and had not filed an entry of appearance. The

chancellor dismissed intervenor's petition and ordered that the decree of December 19 stand in full force and effect as to Ina Gray Cook. The Appellate Court affirmed the decree of December 19, 1941, and the order dismissing intervenor's petition. Leave to appeal was granted and the decree adjudicating the rights of the parties on the merits and the order dismissing the intervenor's petition are here for further review.

Inasmuch as the order dismissing the intervening petition raises a question as to jurisdiction of the trial court over the person of Ina Gray Cook, it will be considered first. The importance of the court having jurisdiction of the person of Ina Gray Cook is obvious, for the decree of December 19 awarded a money judgment against her.

As stated, the record shows that Ina Gray Cook was named as a defendant and that she was not served with summons and did not file a written entry of appearance. The bank contends that the law firm of Weinberg, Kjellander, O'Farrell & Ames, referred to herein as the Weinberg firm, was her legal adviser and participated in the proceedings to such an extent as to constitute a general appearance for her. It is not necessary to determine whether the actions of the Weinberg firm would, in a proper case, be sufficient to constitute a general appearance, since there is no evidence to prove that the law firm was authorized by Ina Gray Cook to represent her in this suit in any capacity. The fact that she had authorized the Weinberg firm to appear for her as her counsel in the bank's action at law would not in itself be sufficient to raise an implied authorization to appear for her in this case, even though the issue in the former action was the same as one issue raised by the bank's counterclaim in this case.

Reference is made to the fact that the Weinberg firm, by itself or by its office employees, accepted copies of the pleadings, motions, and briefs filed by the other par-

ties and receipted for them. On three separate occasions it joined in a stipulation of parties fixing time for filing pleadings and briefs. Some of the preliminary orders and the decree appealed from recite that Ina Gray Cook was represented by the Weinberg firm. It also appears that during the pendency of the suit, counsel for the bank on one or more occasions solicited a member of the Weinberg firm to enter the appearance of Ina Gray Cook and such request was denied. Such request served to give the Weinberg firm notice that the suit was pending.

The explanation of the Weinberg firm for such participation is not persuasive. It is alleged in intervenor's petition that its conduct was under a misapprehension that the papers it was filing were to be filed in the action at law instituted by the bank. It is incredible that a firm of lawyers would accept employment from a client in so important a matter and appear and represent her in such action and then with full knowledge of the pendency of another suit, accept and receipt for pleadings and sign stipulations without knowing to which action they referred. Nor does it tend to lessen their responsibility as lawyers to say, as is alleged in intervenor's petition, that the stipulations were signed by the girl in charge of their office.

Regardless of the attorneys' conduct, there remains the fact that there is no proof that Ina Gray Cook authorized the Weinberg firm to appear for her in this suit. It is true that where an attorney appears of record for a party, the presumption is that his appearance in such a capacity was duly authorized by the person for whom he is appearing. However, it is not a conclusive presumption and when the facts show a lack of authorization, express or implied, and there is no proof of ratification, the acts of counsel are a nullity as against the party for whom the appearance was entered. *Anderson* v. *Hawhe,* 115 Ill. 33; *Bonnell* v. *Holt,* 89 Ill. 71; · *Osborn* v. *Bank of United States,* 9 Wheat, 738, 6 L. ed. 204.

In this case there exists a peculiar circumstance, in that the question of jurisdiction was not raised by Ina Gray Cook. In fact, there is no proof that she had knowledge that such a suit had been filed or that she knew the bank had filed a counterclaim. As stated, the lack of jurisdiction of the person of Ina Gray Cook is raised by intervenor Ames four days after the decree was entered. The only possible interest he or his law firm had in this case is, as stated in his reply to the bank's answer, that they wish to protect themselves against liability for their negligence in the case. It is obvious that such contention would not furnish a basis for setting aside the decree of December 19, nor could it be nullified on the motion of a third party who was a stranger to the case and came in as an intervenor after a decree on the merits had been entered. The rule is that an intervenor accepts the case as he finds it.

The record, stripped of all acts of the Weinberg firm, negatives every theory of jurisdiction of the person of Ina Gray Cook. This, with the facts admitted in the answer of the bank filed in reply to intervenor's petition, is sufficient to apprize the court that it was without jurisdiction of the person of Ina Gray Cook. If the matter had been called to the attention of the court prior to the entry of the decree on the merits, the proper order would have been to stay the proceeding until all the necessary parties were before the court.

The judgment entered against William B. Gray, Ralph B. Gray and Ina Gray Cook for $20,666.67 was joint and several. It was to recover, under the Statute of Frauds, the amount each had received as a beneficiary under the mother's will. Under such circumstances, the part of the decree which determines the amount due can not be reversed as to Ina Gray Cook and sustained as to the others, for this might have the effect of permitting a judgment to stand against them in excess of the amount allowed by

statute. Each part of the relief purported to have been awarded against Ina Gray Cook is so closely related to the relief granted against William B. Gray and Ralph B. Gray, that the decree cannot be reversed as to one without reversing as to all.

The rule is that where a decree is jointly binding on several defendants, so that each is liable for the whole, a reversal on appeal as to one vacates the same as to all. *Pittsburgh, Ft. Wayne and Chicago Railway Co.* v. *Reno,* 123 Ill. 273; *Tompkins* v. *Wiltberger,* 56 Ill. 385.

For the reasons assigned, the judgment of the Appellate Court is reversed and the cause remanded to the trial court, with directions to vacate the decree entered December 19, 1941, and to stay further proceedings until such time as all the necessary parties are before the court. It is ordered that the costs of this appeal be taxed one half to the bank and one half to the intervenor Ames.

*Reversed and remanded, with directions.*