GRANITE PROPERTIES LIMITED PARTNERSHIP, Plaintiff-Appellee, v. GRANITE INVESTMENT COMPANY *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—90—2047

Opinion filed September 26, 1991.—Rehearing denied October 24, 1991.

Howard M. Hoffman and Dan Gregus, both of Holleb & Coff, of Chicago, for appellants.

David G. Lynch, of Rudnick & Wolfe, of Chicago, for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The defendants, Granite Investment Company (Granite Investment) and James C. Green, appeal from a judgment of the circuit court confirming an arbitration award in favor of the plaintiff, Granite Properties Limited Partnership (Granite Properties). The defendants contend on appeal that the judgment was void from its inception

because the trial court lacked personal jurisdiction over the defendants. Specifically, the defendants maintain that they were not properly served with summons and that the attorney who entered a general appearance on their behalf lacked the authority to do so. The plaintiff conceded in the trial court that service was improper. Thus, the sole issue on appeal is whether an agency relationship existed between the defendants and the attorney who filed a general appearance on their behalf.

The defendant Granite Investment is a limited partnership whose general partner is codefendant James C. Green. In 1988, Granite Properties and Granite Investment entered into an agreement involving a loan. The details of this transaction are not pertinent to this appeal except to the extent that the agreement provided that any dispute between the parties would be submitted to binding arbitration.

On May 5, 1989, the plaintiff filed a petition in the circuit court of Cook County to compel arbitration of a dispute that had arisen under its agreement with the defendants. Although the plaintiff attempted to serve the defendants with summons, it was later determined that this service was improper. The defendants did not file a response to the petition to compel arbitration. However, defendant Green agreed to submit the dispute to arbitration and participated in the arbitration proceedings *pro se*. The arbitration hearing took place on November 15, 1989, and on December 20, 1989, the arbitrators issued an award in favor of the plaintiff. Between those two dates, on November 27, 1989, the defendants filed an action in the circuit court of Madison County against the plaintiff and certain third parties alleging fraud in connection with the same loan transaction that was being arbitrated. It is not clear who represented the defendants in the Madison County lawsuit. However, as will be more fully detailed later, one of the pleadings in the lawsuit was signed by an associate in the law firm of attorney Rex Carr.

On December 28, 1989, the defendants received a Federal Express mail package which contained a notice of hearing on a petition to confirm arbitration filed by the plaintiff in Cook County. The notice stated that the hearing was scheduled for January 2, 1990. According to his deposition testimony, Green took the package to the office of his attorney, Rex Carr, with whom he had an 18-year relationship. Green knew that Carr was out of town on vacation but did not know when he would return. He stated that he "might have or might not have" known that Carr was not expected to return before the scheduled hearing date. Green gave the package containing the notice of hearing to Carr's secretary and told her that he wanted to talk to

Carr when he called in to "decide what we are going to do about this." He left no further instructions, but stated in his deposition that he "would assume" that he wanted the hearing postponed.

Carr's secretary gave the documents to Staci M. Yandle, an associate in the law firm. Yandle stated in her deposition that she did not discuss the matter with Green or Carr and did not know whether Green was a regular client. Nevertheless, believing that "something" needed to be done, Yandle filed a general appearance on behalf of the defendants on December 29, 1989, accompanied by a motion for a continuance. She signed the appearance, "SMY Rex Carr." Green testified at his deposition that he had been notified sometime after January 2, 1990, that "Staci was handling it or something or did something on it." Green said nothing and did not discuss the matter with Yandle. The record reveals that one day before Yandle filed the appearance on behalf of the defendants in Cook County, the defendants filed an application in their Madison County action seeking to stay the arbitration proceeding and vacate the arbitrator's award in favor of the plaintiff. The application was signed "SMY Rex Carr."

On January 2, 1990, the date scheduled for a hearing in the Cook County action, the plaintiff filed its petition to confirm the arbitration award. The matter was continued to January 9, 1990. On that date, the plaintiff filed a motion for a temporary restraining order to prevent the defendants from prosecuting their Madison County lawsuit. No one appeared to represent the defendants at the scheduled hearing. On January 12, 1990, the trial court entered orders confirming the arbitration award and restraining the defendants from prosecuting the Madison County lawsuit.

The defendants subsequently filed a special appearance in Cook County through different attorneys and moved to vacate the orders on the grounds that Yandle was not authorized to appear for the defendants and the court accordingly lacked personal jurisdiction. In lieu of an evidentiary hearing, the parties asked the court to review the pleadings, affidavits and deposition testimony. After doing so, the court denied the defendants' motion to vacate the orders based on its finding that Yandle had authority to file the general appearance.

The issue on appeal is whether attorney Yandle had the authority to file a general appearance on behalf of the defendants, thereby submitting them to the personal jurisdiction of the court.

■■ ■ The law of principal and agent is generally applicable to the relationship between a client and an attorney. (*In re Estate of Maslowski* (1990), 204 Ill. App. 3d 379, 383, 561 N.E.2d 1183.) An agent's authority may be actual or apparent, actual being either ex-

press or implied. (*Wasleff v. Dever* (1990), 194 Ill. App. 3d 147, 156-57, 550 N.E.2d 1132.) Apparent authority arises when a principal, through words or conduct, creates a reasonable impression that the agent has authority to perform a certain act. (*Crawford Savings & Loan Association v. Dvorak* (1976), 40 Ill. App. 3d 288, 292, 352 N.E.2d 261.) Implied authority, on the other hand, is defined as "actual authority circumstantially proved" and is regarded as authority implied from the facts and circumstances. (*Devers v. Prudential Property & Casualty Insurance Co.* (1980), 86 Ill. App. 3d 542, 546, 408 N.E.2d 462, 465.) The existence of an agency relationship is a factual question which must be determined by the trier of fact. (*Richter v. Northwestern Memorial Hospital* (1988), 177 Ill. App. 3d 247, 256, 532 N.E.2d 269.) The party alleging an agency relationship must prove it by a preponderance of the evidence. *In re Estate of Maslowski* (1990), 204 Ill. App. 3d 379, 561 N.E.2d 1183.

■ In the case at bar, defendant Green received a copy of the plaintiff's motion to confirm arbitration and a notice that a hearing had been scheduled for January 2, 1990. He took the documents to the law office of Rex Carr, an attorney with whom Green had a long-standing relationship. Green admitted in his deposition that he knew Carr was on vacation and "might have or might not have" known that Carr was not expected to return until after the date scheduled for the hearing. Although he left no instructions other than asking to talk to Carr if Carr called the office, Green admitted that he "would assume" that he wanted the hearing postponed until Carr's return. Green took no other action regarding the matter. Sometime after January 2, 1990, when Green learned that Carr's associate, Staci M. Yandle, was "handling it" or "did something on it," Green said nothing and did not discuss the matter with Yandle. The record shows that during this same time frame, Yandle signed a document filed by the defendants in their Madison County action. We believe that the facts and circumstances of this cause are sufficient to establish that at the time she filed the general appearance in this cause, Yandle had implied authority to act on behalf of the defendants.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.