696 N.E.2d 1211 (1998)
297 Ill. App.3d 90
231 Ill.Dec. 640
Michelle LYDON, Plaintiff-Appellant,
v.
EAGLE FOOD CENTERS, INC., Defendant-Appellee.
No. 2-97-0791.
Appellate Court of Illinois, Second District.
June 16, 1998.
*1213 Clay J. Mitchell, Wauconda, for Michelle Lydon.
Janella L. Barbrow, Mark T. Schmidt, Schmidt & Barbrow, Wheaton, for Eagle Food Centers, Inc.
Justice THOMAS delivered the opinion of the court:
Plaintiff, Michelle Lydon, appeals the dismissal of her complaint. Plaintiff contends that the trial court erred in concluding that she was precluded from pursuing this action because she had already filed two actions regarding the same incident, one of which was voluntarily dismissed and the other of which was dismissed for want of prosecution.
Plaintiff's complaint alleges that, on March 21, 1993, she was injured when she fell while at a store owned by defendant, Eagle Food Centers, Inc. The plaintiff hired attorney Clay Mitchell, who filed suit on her behalf on March 21, 1995, in the circuit court of Lake County. On March 20, 1995, in the circuit court of Cook County, attorney Robert Cleveland filed suit, allegedly on plaintiff's behalf, regarding the same incident. Plaintiff does not know Cleveland, has never spoken with Cleveland, and never retained Cleveland to represent her. Cleveland filed a motion to voluntarily dismiss the Cook County action, but he never presented it to the court. On July 21, 1995, the Cook County action was dismissed for want of prosecution.
On March 7, 1996, plaintiff voluntarily dismissed the action pending in Lake County. Pursuant to section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 1994)), on March 7, 1997, plaintiff refiled the action, again in the circuit court of Lake County. Pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 1996)), defendant moved to dismiss plaintiff's action, arguing that section 13-217 allowed only one refiling and that, since this was plaintiff's third filing based on the same incident, her action was barred. The trial court granted defendant's motion, finding that section "13-217 allows one and only one refiling." Plaintiff filed a timely notice of appeal.
Section 2-619 affords "litigants a means to dispose of issues of law and easily proved issues of fact at the outset of a case." Zedella v. Gibson, 165 Ill.2d 181, 185, 209 Ill.Dec. 27, 650 N.E.2d 1000 (1995). In deciding a motion to dismiss under section 2-619, courts may consider the pleadings, depositions, and affidavits. Zedella, 165 Ill.2d at 185, 209 Ill.Dec. 27, 650 N.E.2d 1000. We review a dismissal pursuant to section 2-619 de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 116, 189 *1214 Ill.Dec. 31, 619 N.E.2d 732 (1993). On appeal, we consider "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." Kedzie & 103rd Currency Exchange, 156 Ill.2d at 116-17, 189 Ill.Dec. 31, 619 N.E.2d 732.
Section 13-217 provides that, if the time to initiate an action is limited, and if the plaintiff voluntarily dismisses the action or the court dismisses the action for want of prosecution, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff * * * may commence a new action within one year or within the remaining period of limitation, whichever is greater." 735 ILCS 5/13-217 (West 1994) (Public Act 89-7, § 15, eff. March 9, 1995, amended section 13-217 to prohibit refilings after a voluntary dismissal or a dismissal for want of prosecution unless the refiling occurs within the original limitation period. The amendment does not apply to plaintiff's claim, however, because her cause of action accrued before the effective date of the amendment. See Public Act 89-7, § 15, eff. March 9, 1995. Moreover, the supreme court has recently declared Public Act 89-7 void in its entirety. Best v. Taylor Machine Works, 179 Ill.2d 367, 467, 228 Ill.Dec. 636, 689 N.E.2d 1057 (1997).) Section 13-217 provides a plaintiff with the absolute right to refile a complaint within one year or within the remaining limitation period, whichever is greater. Timberlake v. Illini Hospital, 175 Ill.2d 159, 163, 221 Ill.Dec. 831, 676 N.E.2d 634 (1997). A plaintiff can refile the action only once, however. Timberlake, 175 Ill.2d at 163, 221 Ill.Dec. 831, 676 N.E.2d 634.
Here, defendant claims that plaintiff filed her first action in Cook County and then exhausted her right to refile by filing the Lake County action one day later. Alternatively, defendant contends that if plaintiff did retain the right to refile her action, she had to do so within one year of the dismissal of the Cook County action. Since plaintiff filed her second Lake County action substantially beyond that time, defendant concludes that plaintiff's action is barred. We need not address these issues, however, because defendant has not proved that plaintiff should be held accountable for the filing of the Cook County action.
In general, the law of principal and agent applies to an attorney-client relationship. Granite Properties Ltd. Partnership v. Granite Investment Co., 220 Ill.App.3d 711, 713, 163 Ill.Dec. 139, 581 N.E.2d 90 (1991). To act for a client, an attorney must have either actual or apparent authority to do so. Granite Properties, 220 Ill.App.3d at 713, 163 Ill.Dec. 139, 581 N.E.2d 90. If the agency relationship is so clear as to be undisputed, the issue may be decided as a matter of law. Athanas v. City of Lake Forest, 276 Ill.App.3d 48, 54, 212 Ill.Dec. 686, 657 N.E.2d 1031 (1995). Normally, however, whether an agency relationship exists is a question for the trier of fact. Granite Properties, 220 Ill.App.3d at 714, 163 Ill.Dec. 139, 581 N.E.2d 90. "[T]he words and conduct of the alleged principal, not the alleged agent," create an agency relationship. First American Title Insurance Co. v. TCF Bank, 286 Ill.App.3d 268, 274, 222 Ill.Dec. 39, 676 N.E.2d 1003 (1997). The party asserting the existence of an agency relationship must prove it by a preponderance of the evidence. Granite Properties, 220 Ill.App.3d at 714, 163 Ill.Dec. 139, 581 N.E.2d 90.
When an attorney appears of record on behalf of a party, a rebuttable presumption arises that the party authorized the attorney to do so. Gray v. First National Bank, 388 Ill. 124, 129, 57 N.E.2d 363 (1944); Pinnacle Arabians, Inc. v. Schmidt, 274 Ill.App.3d 504, 508, 210 Ill.Dec. 963, 654 N.E.2d 262 (1995). When, however, "the facts show a lack of authorization, express or implied, and there is no proof of ratification, the acts of counsel are a nullity." Gray, 388 Ill. at 129, 57 N.E.2d 363. Thus, if Cleveland lacked the authority to file the Cook County action, then that filing is null and plaintiff's second Lake County action was properly filed.
Plaintiff has filed an affidavit stating that she does not know Cleveland, has never spoken with Cleveland, and never retained Cleveland to represent her. In response to *1215 this, defendant's attorney presented an affidavit stating that plaintiff's attorney told him that plaintiff had previously hired Fred Tinglio to represent her and that Cleveland "may have been working on the matter at the request of Mr. Tinglio." The affidavit also states that plaintiff's attorney told defendant's attorney that Tinglio had returned plaintiff's retainer to her and had withdrawn from the action. Defendant's attorney's affidavit contains an additional paragraph that the trial court struck. Defendant does not challenge the striking; therefore, we do not consider the contents of the stricken paragraph. After reviewing the record, we are unable to conclude that, as a matter of law, plaintiff gave Cleveland the authority to file the Cook County action.
Defendant argues that the facts demonstrate that Cleveland had actual authority to file the action on behalf of plaintiff. Actual authority can be either express or implied. Granite Properties, 220 Ill.App.3d at 713-14, 163 Ill.Dec. 139, 581 N.E.2d 90. Express authority exists when a principal explicitly grants an agent the authority to perform a particular act. Progress Printing Corp. v. Jane Byrne Political Committee, 235 Ill.App.3d 292, 308, 176 Ill.Dec. 357, 601 N.E.2d 1055 (1992). Here plaintiff's affidavit establishes that she never spoke with or authorized Cleveland to do anything. Defendant has presented no counteraffidavits that establish a relationship between plaintiff and Cleveland. Thus, we must accept plaintiff's affidavit as true. See Meldoc Properties v. Prezell, 158 Ill.App.3d 212, 216, 110 Ill.Dec. 684, 511 N.E.2d 861 (1987). We therefore conclude that Cleveland lacked express authority to file the action.
Implied authority is that authority which "is inherent in an agent's position" (Progress Printing, 235 Ill.App.3d at 308, 176 Ill.Dec. 357, 601 N.E.2d 1055) and is, simply, actual authority proved through circumstantial evidence (Granite Properties, 220 Ill.App.3d at 714, 163 Ill.Dec. 139, 581 N.E.2d 90). Here, the only possible evidence that Cleveland may have had the implied authority to file the action would be that plaintiff hired Tinglio and that he had the implied authority to hire Cleveland, who then had the authority to file an action for plaintiff. Such a conclusion is tenuous at best, however, since the only evidence that reveals any possible connection between Tinglio and Cleveland is defendant's attorney's statement in his affidavit that plaintiff's attorney told him that Tinglio may have hired Cleveland to file the action. This evidence is nothing more than hearsay based upon speculation, and it fails to account for the question of whether Tinglio had already withdrawn from the case at the time that Cleveland filed the action. These speculative and unsubstantiated facts are insufficient to establish that Cleveland had the authority to file the Cook County action.
Defendant attempts to analogize this situation to the one found in Granite Properties. We find the analogy less than accurate. In Granite Properties, the defendants received a notice of a hearing to confirm arbitration. One defendant took the notice and accompanying information to his attorney's office. The attorney was on vacation and was not expected to return before the hearing date. The defendant left the information with the attorney's secretary. The secretary gave the information to an associate in the law firm, and the associate filed a general appearance and sought a continuance. The defendants subsequently filed a special appearance and argued that they did not authorize the associate to represent them. The trial court found that the associate had the authority to represent the defendants. On appeal, the court concluded that the facts established that the associate had the implied authority to act for the defendants. Granite Properties, 220 Ill.App.3d at 714, 163 Ill.Dec. 139, 581 N.E.2d 90. The evidence in Granite Properties showed a clear intent by the defendants to have the vacationing attorney represent them. Moreover, the evidence clearly established the existence of a relationship between the attorney that the defendant hired and the attorney that acted for the defendants. Here, however, the record contains no credible evidence that would connect Tinglio with Cleveland or that would support a conclusion that Tinglio represented plaintiff when Cleveland filed the Cook County action. Absent *1216 this evidence, we find Granite Properties factually inapposite.
Defendant next argues that Cleveland had apparent authority to file the action. Apparent authority arises when the principal, "through words or conduct, creates a reasonable impression that the agent has authority to perform a certain act." Granite Properties, 220 Ill.App.3d at 714, 163 Ill.Dec. 139, 581 N.E.2d 90. Defendant argues that Cleveland's apparent authority to file the action arose from plaintiff's hiring of Tinglio. While neither party disputes the fact that, at some time, plaintiff hired and then fired Tinglio, the only evidence connecting Tinglio with Cleveland is bare speculation and is clearly insufficient to support a conclusion that plaintiff's action of hiring Tinglio would create a reasonable impression that Cleveland had the authority to represent her.
Defendant's final argument is that plaintiff ratified Cleveland's action of filing the Cook County complaint. "Ratification is a form of equitable estoppel involving the express or implied adoption of the acts of another by one for whom the other assumes to be acting * * *." Swader v. Golden Rule Insurance Co., 203 Ill.App.3d 697, 704, 148 Ill.Dec. 793, 561 N.E.2d 99 (1990). The rationale behind the doctrine is that the person ratifying the action obtains a benefit through the person who is acting on his behalf. Swader, 203 Ill.App.3d at 704, 148 Ill.Dec. 793, 561 N.E.2d 99. Before ratification will be found, the principal must have full knowledge of the facts and the choice to either accept or reject the benefits of the transaction. Swader, 203 Ill.App.3d at 704-05, 148 Ill.Dec. 793, 561 N.E.2d 99. A principal can ratify an action by taking "a position inconsistent with nonaffirmation of the action." Athanas, 276 Ill.App.3d at 56, 212 Ill.Dec. 686, 657 N.E.2d 1031. Further, ratification can occur if the principal knows of the alleged agent's actions and fails to repudiate those actions. Athanas, 276 Ill.App.3d at 57, 212 Ill.Dec. 686, 657 N.E.2d 1031.
Here, defendant has failed to prove that plaintiff ratified Cleveland's filing of the Cook County action. First, defendant has not shown what, if any, benefits plaintiff received from the filing of the Cook County action, let alone shown that she accepted any benefits. Plaintiff had a timely filed action pending in Lake County. The Cook County action did not benefit her in any manner. Moreover, her actions, instead of indicating that she was adopting Cleveland's activities, indicate that she was disavowing her connection with the Cook County action. She took no action with respect to the suit pending in Cook County, while she fully participated in the Lake County action. Defendant argues that plaintiff's ratification is shown by the fact that she did not consolidate the Cook County suit with the one pending in Lake County or that she did not have Mitchell appear for her in the Cook County action. While we note that these are relevant factors, they do not conclusively establish that plaintiff was ratifying Cleveland's actions. These facts could just as easily support an inference that plaintiff took no action in Cook County for fear that, by doing so, she would ratify Cleveland's actions. Instead, she chose to allow the unauthorized suit to be dismissed while she proceeded with her authorized suit in Lake County.
After reviewing the record, we believe that defendant has not provided sufficient evidence to prove, as a matter of law, that an agency relationship existed between plaintiff and Cleveland, or that plaintiff ratified Cleveland's actions. Without such proof, Cleveland's act of filing suit in Cook County must be deemed null. If the filing of the first suit is deemed null, then plaintiff's current action cannot be dismissed as a multiple refiling under section 13-217. In reaching this conclusion, we do not hold that no agency relationship existed between plaintiff and Cleveland. We hold only that defendant has not proved that an agency relationship existed between plaintiff and Cleveland. Without such proof, defendant is not entitled to the dismissal of plaintiff's complaint.
The judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.
GEIGER, P.J., and RATHJE, J., concur.