JULIE A. RODGERS-ORDUNO, Plaintiff-Appellant, v. JENNIFER R. CECIL-GENTER, a/k/a Jennifer R. Cecil, Defendant-Appellee and Third-Party Plaintiff and Cross-Appellant (Timothy W. Laird, Third-Party Defendant and Cross-Appellee).

Second District    No. 2—99—0335

Opinion filed April 18, 2000.

GALASSO, J., specially concurring.

J. Daniel Porter, of Rockford, for appellant.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, and Douglas J. Pomatto, of Heyl, Royster, Voelker & Allen, of Rockford, for appellee and cross-appellant.

Joyce O'Neill Austin, of Shriver & O'Neill, of Rockford, and James C. Thompson, of Thompson Legal Clinic, of Loves Park, for cross-appellee.

JUSTICE THOMAS delivered the opinion of the court:

The plaintiff, Julie A. Rodgers-Orduno (the plaintiff), filed this negligence action against the defendant, Jennifer R. Cecil-Genter (Genter), on January 11, 1995, to recover for personal injuries she sustained in an automobile collision that occurred on September 19, 1990. Genter subsequently filed a third-party complaint for contribution against the third-party defendant, Timothy W. Laird (Laird). The trial court entered an order granting Genter's motion to dismiss the plaintiff's complaint on the basis that the filing of the complaint exceeded the permitted number of refilings allowed by section 13—217 of the Code of Civil Procedure (the Code) (735 ILCS 5/13—217 (West 1994)). In that same order, the trial court also granted Laird's motion to dismiss Genter's contribution claim. The trial court further found that its order disposed of all the claims in the suit and stated that there was "no just reason to delay enforcement or appeal." The plaintiff appeals the trial court's ruling dismissing her complaint, and Genter cross-appeals the dismissal of her third-party action for contribution.

The record reveals that the plaintiff was involved in an automobile accident on September 19, 1990, in which she sustained personal injuries and damage to her vehicle. On January 29, 1992, the law firm of Mateer & Associates (the Mateer firm) filed suit on behalf of the plaintiff in the arbitration division of the circuit court of Winnebago County in case No. 92—LM—234X against defendants Genter and Laird. The complaint sought recovery for personal injuries, property damage, and medical expenses resulting from the collision.

On July 29, 1992, Tuite-Shaw & Associates, a law firm retained by the plaintiff, filed a personal injury suit on behalf of the plaintiff in the law division of the circuit court of Winnebago County against Genter and Laird in case No. 92—L—370. On July 30, 1992, one day after the complaint was filed in case No. 92—L—370, the plaintiff had case No. 92—LM—234X voluntarily dismissed without prejudice. On January 19, 1994, the plaintiff had case No. 92—L—370 voluntarily dismissed without prejudice.

On January 11, 1995, the plaintiff had her suit against Genter and Laird refiled as case No. 95—L—16. Both defendants subsequently filed motions to dismiss the complaint. Laird was dismissed from No. 95—L—16 with prejudice by an agreed order on May 24, 1995. Genter's motion to dismiss was denied on March 20, 1996. On June 18, 1996, defendant Genter filed an answer to the complaint in No. 95—L—16. Genter then filed a third-party complaint for contribution against Laird on January 8, 1997.

Laird filed a motion to dismiss the third-party complaint on May

2, 1997. On January 22, 1998, the trial court granted that motion, finding that the underlying action was not valid because it exceeded the permissible number of refilings allowed by section 13—217 of the Code. On February 18, 1998, Genter filed a motion to dismiss the plaintiff's complaint in No. 95—L—16, arguing the same rationale that the trial court had cited in dismissing the third-party complaint. On February ·19, 1998, the trial court entered an order holding its decision regarding Laird's third-party complaint in abeyance pending the resolution of Genter's motion to dismiss.

On July 1, 1998, the trial court entered an order granting Genter's motion to dismiss the plaintiff's complaint on the basis that the filing of the complaint exceeded the permitted number of refilings allowed by section 13—217 of the Code (735 ILCS 5/13—217 (West 1998)), as construed by the supreme court in *Timberlake v. Illini Hospital*, 175 Ill. 2d 159 (1997), and *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252 (1991). In that same order, the trial court granted Laird's motion to dismiss Genter's third-party complaint. The trial court further found that its order disposed of all the claims in the case and stated that there was "no just reason to delay enforcement or appeal."

Thereafter, the plaintiff filed a timely motion to reconsider, which was denied by the trial court on February 18, 1999. The plaintiff filed her notice of appeal on March 18, 1999, and Genter mailed her cross-appeal on March 31, 1999.

On appeal, the plaintiff contends that the trial court erred in dismissing her complaint in No. 95—L—16 on the basis that its filing constituted an impermissible refiling under section 13—217 of the Code. The plaintiff claims that, since case Nos. 92—LM—234X and 92—L—370 were pending at the same time, the trial court was mistaken in deciding to dismiss case No. 95—L—16 as an impermissible second refiling in violation of section 13—217 of the Code.

The version of section 13—217 of the Code that is currently in effect (see *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 467 (1997) (Public Act 89—7, which amended this section effective March 9, 1995, was held unconstitutional in its entirety, and therefore the pre-1995 version is in effect)) provides that, if the time to initiate an action is limited and if the plaintiff voluntarily dismisses the action, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is voluntarily dismissed by the plaintiff." 735 ILCS 5/13—217 (West 1994); *Lydon v. Eagle Food Centers, Inc.*, 297 Ill. App. 3d 90, 93 (1998). It is well

settled that section 13—217 expressly permits one, and only one, refiling of a claim even if the statute of limitations has not expired. *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 164 (1997); *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 253 (1991).

■ In the present case, the plaintiff is technically correct that she "refiled" her case only once. However, we do not need to address the issue of whether that refiling was tantamount to a second refiling for purposes of section 13—217 because we find that the refiling did not occur within the time constraints of section 13—217. That section plainly provides that, if the action is voluntarily dismissed by the plaintiff, the plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is voluntarily dismissed by the plaintiff." 735 ILCS 5/13—217 (West 1994). Here, the plaintiff does not dispute the fact that all three of the plaintiff's filings were brought against the same defendants and were based on the same set of facts and the same cause of action. Furthermore, the plaintiff does not dispute that the Mateer law firm appeared on her behalf and was authorized by her to file the initial cause of action in case No. 92—LM—234X on January 29, 1992. See *Lydon*, 297 Ill. App. 3d at 93-94 (when attorney appears of record on behalf of a party, a rebuttable presumption arises that the party authorized the attorney to do so). The record further indicates that the plaintiff voluntarily dismissed her cause of action on July 30, 1992. The two-year statute of limitations applicable in personal injury cases expired on September 19, 1992. Thus, the plaintiff had one year from the date of the voluntary dismissal, until July 30, 1993, to refile her cause of action. By her own admission she did not refile the case until January 11, 1995, which we find to be beyond the statutory one-year period.

The plaintiff claims that she had one year from the date that her second action was filed to refile her lawsuit. The plaintiff's position must be rejected. Section 13—217 plainly provides that the plaintiff has one year from the date of voluntary dismissal to refile. It does not contemplate that the plaintiff may extend the one-year period by multiple filings of the same cause of action. As Justice Miller observed in his specially concurring opinion in *Flesner*, "section 13—217 affords a single one-year extension of time, and a plaintiff may not further lengthen the time for bringing suit through subsequent refilings." *Flesner*, 145 Ill. 2d at 255 (Miller, C.J., specially concurring). Although *Flesner* involved a case with two refilings of the same cause of action instead of two filings, we believe the same rationale is equally applicable to the instant case where the plaintiff is seeking to extend the one-year period allowed by section 13—217 by multiple filings of

the same cause of action. Accordingly, we hold that the trial court properly dismissed the plaintiff's untimely complaint.

The plaintiff argues that, even if her third filing in this case constituted a violation of section 13—217, Genter waived the issue by waiting until it was "three years into the litigation" to raise it. We find, however, that the plaintiff has waived her waiver argument by not adequately raising it before the trial court. See *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 539-40 (1996). Here, the plaintiff mentioned waiver for the first time in her motion to reconsider. Moreover, she did not raise the same argument she now makes. Instead, she argued only that Genter waived the issue by filing a general appearance and answer. Thus, we find that she waived the issue she now raises on appeal.

■ Next, we turn to Genter's cross-appeal. Ordinarily we would note that our resolution of the foregoing issue renders Genter's cross-appeal moot. However, given the procedural history of this case, we are obligated to mention that we lack jurisdiction to consider the cross-appeal.

Briefly, we note that filing a timely notice of cross-appeal is a prerequisite to appellate jurisdiction. *O'Brien & Associates, P.C. v. Tim Thompson, Inc.*, 274 Ill. App. 3d 472, 476 (1995). Supreme Court Rule 303(a)(3) provides:

> "If a timely notice of appeal is filed and served by a party, any other party, within 10 days after service upon him or her, or within 30 days from entry of the judgment or order being appealed, or within 30 days of the entry of the order disposing of the last pending post-judgment motion, whichever is later, may join in the appeal, appeal separately, or cross-appeal by filing a notice of appeal, indicating which type of appeal is being taken." 155 Ill. 2d R. 303(a)(3).

In the present case, an order was entered disposing of the last pending postjudgment motion on February 18, 1999. The plaintiff filed her timely notice of appeal on March 18, 1999. Genter's counsel was served with the notice of appeal on March 18, 1999. Genter had 10 days from March 18, 1999, or until March 28, 1999, to file her notice of cross-appeal. However, Genter did not file her notice of cross-appeal until March 31, 1999, the date she mailed her notice of cross-appeal to the circuit court. See *Harrisburg-Raleigh Airport Authority v. Department of Revenue*, 126 Ill. 2d 326, 339-42 (1989) (mailing is filing in connection with notice of appeal). Supreme Court Rule 303(d) provides that "[o]n motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time," the appellate court may extend the period for an additional 30 days. 155 Ill. 2d R. 303(d); *Childers v.*

*Kruse*, 297 Ill. App. 3d 70, 73 (1998). However, Genter did not file a motion to extend the time. Accordingly, we conclude that we lack jurisdiction to consider Genter's cross-appeal.

For the foregoing reasons, we affirm the judgment of the circuit court of Winnebago County dismissing the plaintiff's complaint, and we dismiss Genter's cross-appeal.

Appeal affirmed; cross-appeal dismissed.

HUTCHINSON, J., concurs.

JUSTICE GALASSO, specially concurring:

I write separately because facts of this case illustrate the problems even the most conscientious attorney may face in attempting to navigate between the rules of procedure and the commendable desire to have his or her client's case resolved in the most efficient and least costly way possible.

A lawsuit is filed utilizing the expedited arbitration proceeding. Such a suit has its own case identification (LM), its own rules for discovery, an arbitration hearing, and supplemental actions after an arbitration award. In the course of that proceeding, the plaintiff discovers that the damages exceed the $15,000 limit in LM cases. The plaintiff is now faced with a number of choices as to how to proceed. The plaintiff could amend its LM case to increase the *ad damnum*. However, as a result, the plaintiff would then face a litany of inquiries thereafter all revolving around the question of why a case that seeks damages in excess of $15,000 is designated as LM and why it is not subject to the rules that govern arbitration proceedings.

The most reasonable choice for such a plaintiff under these circumstances would be to start anew and refile the complaint as an "L," the designation for cases seeking damages in excess of $15,000. Such a decision would resolve all procedural problems and would allow the court and the parties to concentrate on the merits of the case rather than wasting time in a procedural quagmire.

Nonetheless, no matter how reasonable or beneficial to the court and the parties, the above choice caused the plaintiff in this case to run afoul of section 13—217. As a result, the plaintiff in this case will be denied her day in court. While the salient purpose of section 13—217 is to protect the defendant from marauding plaintiffs roaming the countryside filing complaints at will, under the scenario presented in this case, should a plaintiff who made a reasonable and beneficial choice as to the action she took suffer the ultimate penalty of loss of her cause of action?

1156

We, the legal profession, regularly seek to provide the most efficient and least costly ways to allow litigants to have cases resolved and to have their day in court. In doing so, our supreme court appropriately enacts rules and the legislature enacts laws that will assist both sides in a dispute to have the issues resolved in an expeditious and cost-efficient manner. As a result, we at times create problems such as exist in the present case. While a rule cannot anticipate each and every situation it will govern, the result in this case requires a rethinking of section 13—217.