# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*United Legal Foundation v. Pappas*, 2011 IL App (1st) 093470

---

| | |
|---|---|
| Appellate Court Caption | UNITED LEGAL FOUNDATION, Plaintiff-Appellant, v. MARIA PAPPAS, Individually and as Cook County Treasurer and *Ex Officio* Collector; DAVID ORR, Individually and as Cook County Clerk; THE COUNTY OF COOK; Z FINANCIAL, LLC; and KEITH MOLL, Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1–09–3470 |
| Filed | May 31, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action by a property owner challenging the sale of the delinquent taxes on its property, the trial court properly dismissed the owner's complaint, including counts seeking a writ of *mandamus* directing defendant tax purchaser for the year 2004 to pay prior delinquent taxes pursuant to section 21–240 of the Property Tax Code, which provides that the purchaser of delinquent taxes must inform the county within 10 days from the date the purchaser learned of the prior delinquent taxes whether the purchaser would pay the prior taxes, since the time requirement is directory, not mandatory, and does not afford a basis for an attack upon the validity of the sale of delinquent taxes; therefore, no basis existed to reverse the dismissal of the counts of the complaint based on section 21–240. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06–COMS–11; the Hon. Patrick McGann, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Cook, Revak & Associates, of Chicago (Rufus Cook and Barbara Revak, of counsel), for appellant.

Hinshaw & Culbertson LLP, of Chicago (Stephen R. Swofford, David E. Zajicek, and Leigh C. Bonsall, of counsel), for appellees Z Financial, LLC and Keith Moll.

Anita M. Alvarez, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Prathima Yeddanapudi,

Panel

JUSTICE KARNEZIS delivered the judgment of the court, with opinion.

Presiding Justice Cunningham and Justice Harris concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff United Legal Foundation (United) appeals from the circuit court's orders in favor of defendants Maria Pappas, individually and as Cook County treasurer and *ex officio* collector; David Orr, individually and as Cook County clerk; the County of Cook; Z Financial, LLC; and Keith Moll. United contends on appeal that its complaint against defendants for violations of the Property Tax Code (35 ILCS 200/1–1 *et seq.* (West 2006)) should not have been dismissed and its claim for breach of contract should have been decided in its favor. For the following reasons, we affirm the circuit court's orders.

¶ 2                                    Background

¶ 3    This case arose as a result of Z Financial's purchase of United's 2004 delinquent property taxes for certain property at the county's annual tax sale. Z Financial ultimately purchased those taxes for $49,687.10, with an 18% interest penalty. United filed a complaint seeking to vacate Z Financial's purchase; however, the circuit court ultimately found in Z Financial's favor. United appeals from the court's orders.

¶ 4    In Illinois, where a property has delinquent taxes, those taxes will be sold at an annual tax sale. The buyers will base their bids on what penalty, or interest rate, they will accept from a property owner who subsequently seeks to redeem the property. The maximum penalty or interest rate that can be bid is 18%, which will be applied to the property owner's tax debt. If the winning bid has a penalty of 18%, the bidder becomes known as an "18 percenter," which means that after the bidder pays any prior delinquent taxes, the bidder will

obtain a tax certificate that earns 18% interest for each six-month period that passes. If the property owner wants to redeem the property, the owner owes the bidder the amount of the tax debt plus 18% for every six-month period that has passed, or 36% per annum. If a bidder fails to pay any prior delinquent taxes, the bidder receives a certificate representing a lien that has only a 5% interest rate per year and becomes known as a "5 percenter."

¶ 5    United is an Illinois charitable corporation, founded in 1969. It operates as a public interest law firm, undertaking impact litigation that affects minorities. Rufus Cook was involved in United's creation and served as its attorney during the relevant time period. In 1991, United acquired the property at issue in this case, which is known as the Ridgeland Club, located at 7330 South Ridgeland Avenue, in Chicago. The property is also known as parcel 10 and has the property index number (PIN) 20–25–124–010–0000. United operated the club as a banquet facility and conference center, and it housed United's offices as well. Ultimately, in 2006, United sold the property to Jackson Park Pinnacle Plaza (Jackson Park).

¶ 6    Prior to the sale of the property to Jackson Park, United's board of directors directed Cook to attempt to either reduce the property's taxes or to have the property declared tax exempt. In May 2003, United filed a property tax-exemption application with the Cook County board of review seeking to declare the property tax exempt because it was being used for charitable purposes.

¶ 7    In 2003, defendant Maria Pappas, as county treasurer/collector, sought to sell the lien for delinquent taxes on the property at the 2003 tax scavenger sale. The delinquent taxes were for tax years 1990-2001. United objected to the proposed sale, and on November 14, 2003, the circuit court entered an order that the property should not be sold because of United's pending tax-exemption application.

¶ 8    On November 23, 2005, Pappas again sought to sell the lien for delinquent taxes on the property at the 2005 tax scavenger sale. The delinquent taxes were for tax years 1990-2001 and 2002-03. United again objected to the proposed sale, and the circuit court entered an order on April 13, 2006, vacating the sale with respect to tax years 1990-2001, but upholding the sale with respect to tax years 2002-03.

¶ 9    In 2006, Pappas sought to sell the lien for the 2004 delinquent taxes on the property at the 2006 tax scavenger sale. This sale is the sale at issue in this case. Z Financial ultimately purchased those taxes for $49,687.10, with an 18% interest penalty on June 16, 2006.

¶ 10    Z Financial is in the business of purchasing delinquent property taxes at annual tax sales. Prior to purchasing the lien, Keith Moll, a manager at Z Financial, researched the property and believed that it did not have any prior delinquent taxes, other than for the 2004 tax year. However, after purchasing the 2004 delinquent taxes, Moll received documentation from the county on July 28, 2006, that United owed $993,889.92 in prior taxes. As a result, Z Financial could pay the prior taxes and become an "18 percenter" and eventually obtain a deed to the property or not pay the prior taxes and become a "5 percenter." Moll testified that becoming a "5 percenter" was almost "worthless."

¶ 11    According to section 21–240 of the Property Tax Code (35 ILCS 200/21–240 (West 2006)), Z Financial had 10 days from the date it learned of the prior taxes to inform the county whether it would pay the prior taxes and become an "18 percenter" or would not pay

them and become a "5 percenter."

¶ 12　　While Moll was deciding what course of action to pursue, Cook learned that Z Financial had purchased the 2004 delinquent taxes. Cook contacted Moll on August 21, 2006, and told Moll that United had entered into a contract to sell the property to Jackson Park and wanted to pay the delinquent taxes through an escrow. Moll told Cook that he would be willing to sell Z Financial's position for $56,000. Cook stated that he would have to inform United of the offer; however, Cook never did and contacted Moll again about an hour later. Cook and Moll then agreed on the sum of $50,000. Moll subsequently became concerned that if the prior taxes on the property were not paid soon, the county would make his interest a "5 percenter," which was undesirable. Therefore, on August 23, 2006, Moll sent Cook a fax stating that Z Financial's offer to sell its interest for $50,000 would be withdrawn unless certified funds were paid to Z Financial by noon that day. Cook did not receive the fax until after noon and contacted Moll. Moll informed Cook that his employees were on their way to pay the prior delinquent taxes on the property. Moll was unable to reach the employees and they returned to the office having paid the priors, making Z Financial an "18 percenter."

¶ 13　　United filed its verified first amended complaint against defendants on September 27, 2006, seeking to invalidate the sale to Z Financial. The multicount complaint alleged generally that the property's 2004 delinquent taxes should not have been sold to Z Financial due to several violations of the Property Tax Code. United also alleged that because of the sale, it incurred $200,000 in damages, in addition to legal fees and costs.

¶ 14　　Defendants filed motions to dismiss pursuant to sections 2–615 and 2–619 of the Code of Civil Procedure (735 ILCS 5/2–615, 2–619 (West 2006)). On January 22, 2007, the circuit court dismissed all counts except for count III, a breach of contract claim against Z Financial. Subsequently, the cause proceeded to trial on that count. After trial, the court issued an order on November 17, 2009, finding in favor of Z Financial. United appeals from both of the court's orders.

¶ 15　　Initially, we note that many of United's contentions are very brief with little or no citation to legal authority as required by Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008)). Rule 341(h)(7) requires appellant's argument to contain "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Rule 341(h)(7) also provides that "points not argued are waived." Further, a reviewing court is entitled to have the issues clearly defined, with pertinent authority cited. *Boeger v. Boeger*, 147 Ill. App. 3d 629, 631 (1986). Bare contentions without argument or citation to relevant authority do not merit consideration on appeal. *Fitzpatrick v. ACF Properties Group, Inc.*, 231 Ill. App. 3d 690, 708 (1992). To the extent we are able to ascertain United's contentions on appeal, we will address them. However, those contentions that do not meet the requirements of Rule 341(h)(7), we need not consider.

¶ 16　　On appeal, United first contends the circuit court erred when it "failed to acknowledge" that the sale of the 2004 delinquent taxes was improper because the litigation regarding the 1990-2003 delinquent taxes was still pending and had not been resolved.

¶ 17　　Here, however, United does not argue how the 1990-2003 delinquent taxes precluded the sale of the 2004 delinquent taxes. The prior court orders upon which United relies precluded

-4-

the sale of the prior tax years that were the subject of litigation. The 2004 taxes, which are at issue here, were never the subject of prior litigation. Therefore, United's first contention is without merit.

¶ 18 Next, United contends the circuit court's dismissal of counts I and II of its complaint was erroneous. Count I was directed against defendants Pappas and Orr, in their individual and representative capacities, and the County of Cook, and sought a *mandamus* directing defendants to strictly apply section 21–240 of the Property Tax Code, which required Z Financial to pay the prior delinquent taxes within 10 days of learning of the prior delinquent taxes from the county. Count II was directed against the same defendants as count I and sought "class action for injunctive relief and damages" and similarly alleged that defendants failed to strictly apply the 10-day time requirement in section 21–240 of the Property Tax Code. United maintains the circuit court's determination that the time requirement in the Property Tax Code was directory rather than mandatory, as held in *Hoffmann v. Stuckslager*, 48 Ill. 2d 262 (1971), should nevertheless not defeat its claims. United argues that in *Hoffmann*, the court's rationale for holding the time requirement directory rather than mandatory was for the "protection of revenue," which is not present here.

¶ 19 In *Hoffmann*, our supreme court examined the time requirement in the Revenue Act of 1939 (Ill. Rev. Stat. 1965, ch. 120, par. 728), the predecessor to the Property Tax Code. The court held the time requirement was directory rather than mandatory, stating, "[s]o far as an owner of delinquent property is concerned, it is sufficient to conclude *** that the provisions for payment are directory and do not afford a basis for an attack upon the validity of the sale." *Hoffmann*, 48 Ill. 2d at 267.

¶ 20 Despite United's contention, we must follow our supreme court precedent and find that the 10-day time requirement in section 21–240 of the Property Tax Code is directory rather than mandatory. Therefore, the failure to strictly adhere to the time requirement cannot afford a basis for United to contest the validity of the sale to Z Financial. We take this opportunity to reaffirm our supreme court's holding in *Hoffman* that "[s]o far as an owner of delinquent property is concerned, it is sufficient to conclude *** that the provisions for payment are directory and do not afford a basis for an attack upon the validity of the sale." *Hoffmann*, 48 Ill. 2d at 267. Accordingly, we find no basis to reverse the court's dismissal of counts I and II of United's complaint.

¶ 21 Next, United contends the circuit court's dismissal of defendant Cook County was reversible error. Yet, United's contention only consists of one paragraph in its brief that fails to argue how the court's dismissal of Cook County was reversible error. We are unable to address this contention. See Ill. S. Ct. R. 341(h)(7).

¶ 22 Next, United contends the circuit court's dismissal of the fraud count against the County defendants was improper. Again, United fails to argue how the court's dismissal of the fraud count against the county defendants was improper. As such, we are unable to address this contention. See Ill. S. Ct. R. 341(h)(7).

¶ 23 Next, United argues the circuit court's dismissal of the fraud count against Z Financial was improper. However, United's bare bones argument does not cite to any legal authority to support its position that the court's dismissal was improper. We need not address this

contention. See Ill. S. Ct. R. 341(h)(7).

¶ 24     Next, United contends the evidence establishes there was a contract between United and Z Financial and Z Financial committed an anticipatory breach of the contract. United also contends it suffered damages as a result of the breach.

¶ 25     The circuit court determined that a contract had not been formed between Moll and Cook because Cook did not have authority to enter into a contract to buy the 2004 delinquent taxes from Z Financial. The court found that Cook's authority was limited to obtaining a tax-exempt status or a tax reduction for the property.

¶ 26     In an agency relationship, the principal can be legally bound by action taken by the agent where the principal confers actual authority on the agent. *Granite Properties Ltd. Partnership v. Granite Investment Co.*, 220 Ill. App. 3d 711, 714 (1991). Actual authority can be express or implied. *Buckholtz v. MacNeal Hospital*, 337 Ill. App. 3d 163 (2003). The existence of an agency relationship is a factual question that is determined by the trier of fact. *Granite Properties Ltd. Partnership*, 220 Ill. App. 3d at 714. The party alleging an agency relationship must prove it by a preponderance of the evidence. *Granite Properties Ltd. Partnership*, 220 Ill. App. 3d at 714.

¶ 27     Here, the record establishes that Cook was given authority by United's Board to attempt to eliminate or reduce the taxes on the property. It is United's burden to prove that Cook had authority to enter into a contract with Z Financial to buy its position with respect to the 2004 taxes. United has not done so. We find no evidence in the record to support the finding of an agency relationship with respect to Cook's authority to contract with Z Financial. Therefore, we cannot find that a valid contract between United and Z Financial was formed. Additionally, it follows that if a contract was never formed, there can neither be an anticipatory breach of contract nor damages. United has not established any error on the part of the circuit court.

¶ 28     Again, we note that several of United's additional arguments are bare contentions without argument or citation to relevant authority in violation of Rule 341(h)(7), and we need not consider them.

¶ 29     Accordingly, we affirm the judgment of the circuit court.

¶ 30     Affirmed.